205 So.2d 647 (1968)
Mrs. Lynn Barrett PACE
v.
Berlon BARRETT et ux.
No. 44655.
Supreme Court of Mississippi.
January 2, 1968.
Houston & Chamberlin, Aberdeen, Cunningham & Cunningham, Booneville, for appellant.
Johnny N. Tackett, Aberdeen, for appellees.
ROBERTSON, Justice:
On January 11, 1966, Appellant, Mrs. Lynn Barrett Pace, filed her Petition to Modify and Amend Child Custody Decree and to gain custody of her minor son, Benjamin Orbie Barrett, in the Chancery Court of Monroe County. Berlon Orbie Barrett, her former husband and father of the minor child, was killed in an automobile wreck on October 27, 1965; so she made defendants, the paternal grandparents, Berlon Barrett and Mrs. Berlon Barrett, with whom her five-year old son was living at the time. The chancery court entered a decree denying her petition and awarding custody to the paternal grandparents, the appellees here. Appellant *648 appeals from this judgment of the chancery court.
Appellant and Berlon Orbie Barrett, son of the appellees, were married on October 11, 1959. Appellant was granted a divorce from him on the ground of habitual cruel and inhuman treatment on September 18, 1962. The appellant did not ask for custody of the minor child, and the court in the divorce decree merely found that the minor son was living with the father, Berlon Orbie Barrett, and granted the mother the right of reasonable visitation so long as the minor child resided with the father.
On July 24, 1964, the appellant filed a petition for child custody against Berlon Orbie Barrett, the father of the child. She alleged in her petition:
"That petitioner and her husband reside at Waukegan, Illinois, and have a comfortable home located in a proper and suitable environment for the proper rearing of children; and that petitioner's husband is steadily employed and earns sufficient money to support petitioner and her children well and to furnish them all their needs as well as a proper and suitable home."
Berlon Orbie Barrett, the father, filed an answer wherein he charged that the mother had voluntarily abandoned her child at the time they separated, and that he, the father, had reared the child with the help of his mother and father, who were the paternal grandparents of the little boy.
The trial court, on September 24, 1964, entered a decree, finding:
"That the Petitioner has failed to sustain the allegations of her Petition and the same is hereby dismissed. The Court further finds as a fact that it is to the best interest of said minor child, Benjamin Orbie Barrett, that he remains in the care, custody and control of his father, Berlon Orbie Barrett.
"It is the further order of the Court that the Petitioner herein, Mrs. Lynn Pope Barrett (Pace), have the right of reasonable visitation to visit said child in the home of her parents in Amory, Mississippi on the fourth week-end of each month, from 4 O'clock Friday afternoon, until 4 O'clock Sunday afternoon."
As stated heretofore, Berlon Orbie Barrett, the father of the minor child, who retained custody under the decree of September 24, 1964, was killed in an automobile accident on October 27, 1965, so the present Petition to gain custody was brought against the paternal grandparents only.
The court, in its written opinion on the present Petition, found:
"It is the duty of this Court to first consider what is to the best interest, and to the Welfare of this child, rather than to the parents or to the grandparents. The facts as stated show that the Mother did abandon the child and by a decree of this Court formerly entered was not found to be a suitable and proper person for the custody of this child.
"The question now before this Court is whether or not the Mother has re-habilitated herself to the extent that she should be allowed the care, full custody and control, of the child. The facts before the Court show that during marriage of this young lady and her husband they have had problems, have had a separation, and that they have not established at this time a suitable home for this child."
The court on May 26, 1966, entered a Decree in part as follows:
"The court doth find and adjudicate as a fact that the said petitioner, Mrs. Lynn Barrett Pace, is not a fit and proper person at this time for the care and custody of the minor child, Benjamin Orbie Barrett, the said petitioner having at a prior time, abandoned said child.
* * * * * *
"It is the further order of the court that the respondents, Berlon Barrett and his wife, Mrs. Berlon Barrett, be awarded the care, custody and control of the minor child, Benjamin Orbie Barrett, until further *649 orders of the court, the said petitioner to have the right of visitation with said child from 4 O'clock P.M. on Friday until 4 O'clock P.M. on Sunday on each first and third weekend of each month, it being the duty of the petitioner herein, Mrs. Lynn Barrett Pace, to pick up said Benjamin Orbie Barrett at the home of the respondents and return said child to the home of the respondents, Berlon Barrett and Mrs. Berlon Barrett.
"It is the further order of the court that the petitioner, Mrs. Lynn Barrett Pace, shall have the care, custody and control of the said minor child, Benjamin Orbie Barrett, during the month of July each year until further orders of the court."
The court was in error in finding that the appellant had previously abandoned her child and that she was not a fit and proper person to have the custody of her child. The court, in its decree of September 24, 1964, the pertinent parts of which have been heretofore quoted in this opinion, did not find that the mother, the appellant here, had abandoned her child, neither did it find that she was not a fit and suitable person to have custody of her child.
Arguendo, even if the court had found such abandonment and unfitness on the part of the mother in 1964, such finding would not be res judicata as to the paternal grandparents. They were not parties to the petition to modify, filed and heard in 1964. The father of the child was living at that time, was the only necessary party, and was the only defendant in that proceeding. To be res judicata the issues and the parties would have had to be the same in the prior and present proceedings. 30A Am.Jur. Judgments § 324.
The paternal grandparents have no right to the custody of their grandson, as against the mother, until they have charged and proved that she has forfeited her natural right to the custody of her minor son by abandonment or by immoral conduct, or other circumstances which clearly indicate that the best interest of the child will be served in the custody of another. Bunkley and Morse, Amis on Divorce and Separation in Mississippi, Section 8.01 (1957). The burden of proof is squarely on their shoulders and they have not met this burden in this case.
In Stegall v. Stegall, 151 Miss. 875, 879-880, 119 So. 802, 803 (1929), this Court said:
"Upon the death of the father, it is now well settled that the mother has the right to the custody of her child as against any other person who asserts a claim thereto, unless there has been an abandonment of the child, or the mother has forfeited her right by immoral conduct.

* * * * * *
"As against the mother, the paternal grandfather has no right, unless and until it is shown that the mother has forfeited her right to her child by abandonment, or by immoral conduct. It is presumed that the best interest of the child will be preserved by its remaining with its parents or parent until the well-recognized exceptions have been established." (Emphasis added).
Inasmuch as neither abandonment nor immoral conduct was proved against the mother, it was not up to her, the appellant, to prove that she had rehabilitated herself. The lower court was in error in placing this burden on her.
The judgment of the lower court is reversed and judgment rendered here awarding custody of the minor child, Benjamin Orbie Barrett, to the mother and appellant, Mrs. Lynn Barrett Pace.
The appellant in her sworn petition stated that she intended to let her minor son visit with the grandparents as grandchildren normally do. This is as it should be.
Judgment reversed and judgment here for the appellant.
ETHRIDGE, C.J., and JONES, BRADY and PATTERSON, JJ., concur.