INZER, Justice:
This is an appeal by M. G. Boone from a decree of the Chancery Court of Clarke County awarding the custody of his five minor children to appellee, Mrs. Sadie C. Downey, the maternal grandmother. We affirm.
The children involved in this proceeding were born to the marriage of appellant and Pauline Boone, deceased. These parties were divorced by a decree of the Chancery Court of Clarke County on January 26, 1970, and the court awarded the custody of the five children involved in this proceeding, as well as three older children, born to their marriage, to Pauline Boone to the complete exclusion of appellant. Mrs. *711 Pauline Boone was killed in an automobile accident on October 17, 1970, and, shortly thereafter, appellee, the maternal grandmother, filed suit for the custody of the children pursuant to the provisions of Section 1263.5, Mississippi Code 1942 Annotated (1956). The bill of complaint alleged that three of the children involved were then in her custody, and the appellant had wrongfully taken the custody of the other children. It was alleged that appellant was unfit to have the custody of the children.
Appellant answered and denied that he was an unfit person to have the custody of the children and alleged that appellee was not a fit person to have the custody of the children. After a lengthy hearing, the chancellor found appellant was morally unfit to have the custody of his children and awarded their custody to appellee. From this decision, this appeal is prosecuted.
The principal question involved on this appeal is whether the chancellor was justified in finding from the facts in this case that appellant was unfit to have the custody of his children. Appellant confesses he was an unfit parent in January 1970, but maintains he has since reformed, is now a fit parent and is entitled to the custody of his children. The record reflects that when the mother of these children was awarded the divorce, the appellant was living in open adultery with the woman he now claims to be his wife. They had three children as a result of that relationship. The record further reflects that the husband of this woman secured a divorce from her on the grounds of adultery, and the court prohibited her from remarrying under the provisions of Section 2744, Mississippi Code 1942 Annotatéd (1956). This decree was rendered on November 12, 1968, and she testified she had never petitioned the court to remove this prohibition. In spite of this prohibition she and appellant entered into a ceremonial marriage and are now living together as man and wife. This fact is, no doubt, one of the factors which the chancellor considered in reaching a decision in this case.
The chancellor who tried this proceeding also tried the contested divorce between appellant and Mrs. Pauline Boone. His opinion in that case is in the record in this proceeding. This opinion not only finds that appellant was guilty of adultery but also finds that the appellant offered perjured testimony in that case. What is amazing about this is that appellant was forced to admit on the witness stand that he testified falsely in the present case. This, no doubt, is another factor that the court considered in arriving at its decision.
The record is replete with testimony reflecting upon the moral character of the appellant prior to his divorce, and it would serve no useful purpose to set out the sordid details here, since he admits he was morally unfit at the time Mrs. Pauline Boone was awarded the custody of the children. However, this testimony is important since it throws light upon the moral character of the appellant. Although his outward conduct may have improved since the divorce decree, his moral character seems to have remained the same. It is certain that the chancellor was justified in finding that it had.
Appellant also contends the chancellor was in error in admitting testimony relative to his character and conduct prior to the divorce decree which found him to be an unfit parent. It is argued that the divorce decree was res judicata on this issue. It must be remembered that appellee was not a party to the divorce action. The case of Pace v. Barrett, 205 So.2d 647 (Miss.1968), was a suit between the natural mother of the child and the paternal grandparents. The father had been awarded the custody of the children, and he was killed in an automobile accident. The grandparents contended that the decree awarding the father custody found that the mother was an unfit parent and that this decree was res judicata on this issue. In holding to the contrary, we pointed out that *712 to be res judicata, the issues and parties would have to be the same in the prior and present proceeding. The chancellor was correct in holding that the decree in the divorce suit was not res judicata in this case and the testimony was admissible.
Since the effect of the decree in this case is to deprive the natural parent of the custody of his children, we have reviewed the record in this case with care, and after doing so we cannot escape the conclusion that the chancellor was amply justified in finding from the evidence in this case that the appellant was morally unfit to have the custody of his children.
Appellant raises no issue as to the other provisions of the decree and for the reasons stated, this case must be, and is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, BRADY and SUGG, JJ., concur.