ROBERTSON, Justice:
On petition to modify final decree, which granted a divorce to Alice Faye Morris and awarded custody of the four minor children of the marriage to her, the Chan- *23 eery Court of Forrest County found that both the father, Larry Laroy Morris, and Alice Faye Morris Overstreet, the mother, were presently unfit and unsuitable to have the permanent care, custody and control of the minor children, and that the temporary care, custody and control of the four minor children should be awarded to Mr. and Mrs. Reuben Blackwell, the maternal grandparents.
The court ordered the father to pay $150.-00 per month, and the mother $50.00 per month, child support to Mr. and Mrs. Blackwell. Reasonable rights of visitation were granted to each parent.
Only the father appeals from this judgment.
Of course, the prime concern of the Chancellor was the best interests of the minor children. They certainly had nothing to do wtih the break-up of the home, and yet they are the principal victims. Children are entitled to the loving care, supervision, and control of both parents in a happy and well-adjusted home. Unfortunately, human nature being what it is, there are very few ideal family situations.
In arriving at the proper solution of an unusual custodial problem, the chancellor is in a particularly advantageous position. He personally observes the appearance, demeanor and attitude of both parents and the witnesses for each; he also hears the testimony of each witness firsthand. Necessarily, he has wide discretion and judgment in trying to work out a practical solution to a difficult and complex problem. Vockroth v. Vockroth, 200 So.2d 459 (Miss. 1967); Shoffner v. Shoffner, 244 Miss. 557, 145 So.2d 149 (1962) ; Davis v. Holland, 239 Miss. 514, 123 So.2d 850 (1960); Brown v. Brown, 237 Miss. 53, 112 So.2d 556 (1959).
He soon learns that there is no pat solution; he must tailor the remedy to the disease. We think he has done a good job in doing just this in this particular case. His decision is supported by the evidence. He has been careful to leave the door open for these young parents to come back into court when there has been a material change in the circumstances and when they have. rehabilitated and proved themselves. This is in accord with the grant of authority in Section 2743, Mississippi Code of 1942 Annotated (1956):
“[A]nd the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.”
There is no merit in the second assignment of error that the Youth Court of Forrest County had acquired jurisdiction.
The chancery court has historically had full jurisdiction in divorce, alimony, and custody matters. Section 159, Mississippi Constitution of 1890.
That jurisdiction has been increased and expanded by statute. Section 2743 states:
“When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, * * * ” (Emphasis added).
Section 399, Mississippi Code of 1942 Annotated (1956) says:
"But if any father or mother be unsuitable to discharge the duties of guardianship, then the court, or chancellor in vacation, may appoint some suitable person, or having appointed the father or mother, may remove him or her if it appear that such person is unsuitable, and appoint a suitable person.”
Still later, in 1960, the Legislature provided, in Section 1263.5, that the custody and maintenance of children was not merely an *24 adjunct of a divorce action. That section provided:
“In addition to the right to proceed under section 2743, Mississippi Code of 1942, as amended, and in addition to the remedy of habeas corpus in proper cases, and other existing remedies, the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters.” Miss.Code Ann. § 1263.5 (Supp.1968).
The Chancery Court on June 16, 1969, not only granted Alice Faye Morris a divorce from Larry Morris; it also awarded the custody of the four minor children to her. The Youth Court did not enter the picture until September 24, 1969, when it attempted to deal with an emergency temporary situation. Jurisdiction had already vested in the Chancery Court three months before.
When it developed during the trial that both the mother and father were presently unfit and unsuitable to have the custody of their children, it became the duty and responsibility of the court to find a suitable home and suitable adults to stand in loco parentis. It was normal and natural for the court to turn to the grandparents. It then became necessary to determine how they were situated, and whether they would accept the responsibility of caring for and looking after their young grandchildren. It was correct and proper for the court to call on Mr. Reuben Blackwell for information as to his home, and whether he would be willing to accept the responsibility, along with his wife, of caring for and looking after their grandchildren.
The judgment of the Chancery Court is affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.