BOWLING, Justice,
for the Court:
This is another one of those unfortunate cases where grown and supposedly mature persons are fighting over innocent children. The case originated in the Chancery Court of Humphreys County and the appeal is from a decree of that court modifying its former decree. A recitation of the history of the cause is necessary.
On June 17, 1976, the Chancery Court of Humphreys County executed and filed its final divorce decree. In addition to granting a divorce, the decree made certain provisions regarding the three minor children of the parties. These children were Stuart Wayne Smith, born April 28,1964; Amanda Lee Ann Smith, born November 24, 1967; and James Bradley Smith, born June 14, 1969. Portions of the decree were as follows:
That the Court specifically does not declare the fitness of either of said parties to have the permanent care and custody of said children, but finds that it would be in the best interest of said children for their temporary exclusive custody to be placed with their paternal grandmother, Mrs. Velma Smith, until further order of this Court.
The Court further finds that both parties have a right of reasonable visitation to said children, at such reasonable times as will not interfere with the welfare and well-being of said children, that either party may later have the right to move this Court to fix said visitation rights with certainty.
Both parties hereto are forbidden from removing said minor children from the jurisdiction of this Court and the State of Mississippi, except upon motion and affirmative order of this Court setting forth the terms and conditions thereof.
On August 3, 1978, appellee, Dweneth Florence Smith, then a resident of Washington County, Mississippi, filed her “Petition for Modification of Custody Provided for in Final Decree of Divorce.” The petitioner alleged that circumstances had changed so that it was to the best interest of the minor children that she be given their exclusive custody.
The hearing on the petition to modify the former decree was held on December 11, 1978. Appellant had appeared and filed an answer to the petition denying the relief prayed for by the petitioner. He further alleged affirmatively that an adoption order of a Tennessee Court barred the modification proceedings. A number of witnesses were introduced by both parties and testimony was received from both parties individually. This testimony revealed practically undisputed facts as to events occurring prior to the hearing which require a discussion so as to relate them to the court’s final modification decree.
A few weeks after the original divorce and child custody decree of June 17, 1976, the paternal grandmother, Mrs. Velma *1269 Smith, relinquished custody of the children to their father, appellant Billy James Smith, who had moved to Madison County, Tennessee. The grandmother had carried the little girl to Texas for a period of time, but on the date the petition for modification was filed by appellee, the two youngest children were residing in the trailer home of appellant in Tennessee. For approximately one year preceding appellee’s filing of the petition to modify, appellant had been remarried to one Patricia Smith, twenty years of age at the time of the modification hearing. The children, at that time, as hereinbefore indicated, were ages 14,11 and 9 years respectively.
Prior to the modification petition being filed, the fourteen-year-old boy voluntarily left Tennessee and went to Greenville, Mississippi, to reside with his mother. On October 13, 1978, appellee went to Tennessee, secured her other two children, and brought them to her home in Greenville, where they have been at all times subsequent thereto.
On September 29, 1978, Mrs. Patricia Smith, the wife of appellant, filed a petition in the Chancery Court of Madison County, Tennessee, requesting the adoption of the two youngest children, Amanda Lee and James Bradley. This petition was filed pursuant to Tennessee Code Annotated sections 36-110 et seq. The petition charged that the children had been abandoned by their natural mother, the appellee. This was the basis for the adoption request. On November 10, 1978, approximately one month after the children were taken from Tennessee to Greenville, Mississippi, by their mother, the Tennessee court entered its “order” finding that during a hearing on that day, the allegations of the petition had been proven and that the children had been abandoned by their natural mother. In the affirmative defense to appellee’s modification petition, appellant attached certified copies of the Tennessee adoption proceedings to his answer and alleged that the Mississippi chancery court should give full faith and credit to the Tennessee order of adoption.
After a full hearing, as hereinbefore stated, the chancellor in the modification proceedings, found that there had been a change of circumstances which required him to place the custody of the three children with appellee, their mother, with specific visitation rights granted appellant. The court further found that the Tennessee adoption decree was ineffective for the primary reason that the paternal grandmother, Mrs. Velma Smith, was not made a party thereto. The chancellor further found that the legal residence of the children was in Mississippi and the Tennessee court did not have jurisdiction over them.
We have already seen that the original divorce decree of June 17, 1976, only made a temporary custody decision regarding the children and forbade them being taken from the jurisdiction of the court. Jurisdiction for the purpose of decreeing permanent custody of the children was reserved. We hold that when appellee filed her petition for modification of the original decree on August 3,1978, jurisdiction of all matters regarding custody and control of the minor children was vested as of that time in the Chancery Court of Humphreys County.
Appellant bases his request for reversal partially on the adoption proceedings in Tennessee, alleging that the Humphreys County Chancery Court, under prior cases of this Court, should have given full faith and credit to the Tennessee order. All of the authorities cited by appellant are correct and are still applicable law. Had the children been under the jurisdiction of the Tennessee court and had the adoption proceedings been regular and proper, a different question would arise. This is not the case. In the first place, it is obvious that the Tennessee proceedings were completely void, the order being based on a finding that the children had been abandoned by their mother, when the children were at that time living with their mother. The Tennessee order was void for that reason if for no other. Certainly, Mississippi courts are not required to give full faith and credit to obviously void judgments, orders and de *1270 crees of other states. We do not intend to imply that the Tennessee court deliberately issued its order based on erroneous facts. We do not have a transcript of any testimony taken by the Tennessee court and can only surmise that it did not have the full facts and circumstances before it when its order was issued.
As hereinbefore stated, regardless of the holding that the Tennessee adoption order was void, that court did not have jurisdiction in the adoption proceedings, as jurisdiction of the children was never relinquished by the Mississippi court and jurisdiction firmly attached in the Mississippi court when appellee filed her petition for modification on August 3, 1978.
A recitation of the evidence received by the chancellor under the petition for modification would serve no useful purpose. He found that because of the ages of the children and based on evidence regarding the relationship between appellant’s wife and the children while the latter were in Tennessee, severe problems existed between Mrs. Smith and the children which were detrimental to their welfare. It is elemental that we cannot disturb the chancellor’s finding of fact on child custody matters unless we can say with reasonable certainty that the chancellor was manifestly wrong. We cannot make such a decision here, and, therefore, hold that the chancellor had sufficient evidence to modify the former temporary decree and grant appellee the custody of the children.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.