Donna Gail Purvis Thomas filed a petition in the Chancery Court of Leake County, Honorable G.M. Case, presiding, against Alvin L. Purvis, Sr., et ux., and Alvin L. Purvis, Jr., to modify a final divorce decree wherein she sought permanent custody of two (2) minor children.[1] The chancellor, although granting partial relief, dismissed the petition and Mrs. Thomas has appealed.
The question presented is whether or not the chancellor erred in dismissing the petition and in declining to grant appellant permanent custody of the minor children.
On July 12, 1978, the Chancery Court of Leake County, Honorable E.G. Cortright, presiding, entered a final decree divorcing appellant from Alvin L. Purvis, Jr., and granting custody of Shanon Delynn Purvis, born April 14, 1973, and Heather Sheree Purvis, born November 9, 1974, to their paternal grandparents, Alvin L. Purvis, Sr., and Loutishey Purvis, with the right of their maternal grandparent, Mrs. Ruby E. Thornton, to have custody of said children from May 25 to August 25 in each year, and with certain visitation rights to the parents of said children. The decree recited that on April 21, 1978, the court had previously ordered that said children be placed in the temporary custody of the Leake County Welfare Department and that both parents of the children were unfit to have their custody.
The record indicates that two (2) days after entry of the decree, appellant married Thomas, her present husband, and that they have been residing in a mobile trailer, that she spends her entire time as a housewife, that her present husband is employed with an off-shore drilling company and is away from home approximately fifty percent (50%) of the time, and that appellant has reformed and has settled down. Mrs. Ruby E. Thornton, the maternal grandparent, has been ill, and, during the three-month summertime period, when she had custody rights, appellant has exercised that privilege. The children have been well cared for and are satisfied and happy in the Purvis home. Their father, Alvin L. Purvis, Jr., resides approximately one hundred (100) yards from the Purvis, Sr. home, and his visitation with the children is facilitated by that fact.
After hearing all testimony on the petition to modify the final decree, the chancellor remarked that the paternal grandparents did not take the children from the *Page 612 
natural parents, but they were willing to accept the responsibility of the children to prevent them from being reared in a foster home by persons not related to them and that they were being properly reared and loved by those grandparents. He said that there was no doubt a mother would rear her children in a manner which could not be duplicated by any other person who might try to fulfill her role, even including grandparents. The chancellor commended appellant for her change in conduct and for her desire to have custody of the children. He stated that she should not be forever denied the opportunity to have the children and that she should not interpret his findings as a permanent bar to relief at some future date when circumstances might more appropriately warrant same.
The chancellor decreed that the proof did not sustain the allegations of the petition to modify the decree and that appellant failed to establish and prove a change of circumstances had occurred which materially affects the children's welfare adversely, and he dismissed the petition for modification. However, he did modify the decree of July 12, 1978, by providing that, thereafter, appellant have custody of the children for the three-month period previously provided for the maternal grandmother.
The appellees rely upon the principle stated many times that a court will not modify custody provisions of a decree unless there has been a material change of circumstances which adversely affect the child's welfare. Bowden v. Fayard, 355 So.2d 662
(Miss. 1978); O'Neal v. Warden, 345 So.2d 610 (Miss. 1977). Also, they call attention to the rule that a chancellor will not be reversed on a finding of fact unless he is manifestly wrong.Smith v. Smith, 380 So.2d 1267 (Miss. 1980).
Appellant cites Rodgers v. Rodgers, 274 So.2d 671 (Miss. 1973) which involved a contest between the natural mother of a child and the paternal grandparents, wherein the Court said:
 "[I]t is presumed that the best interest of the child will be preserved by it remaining with its parents or parent. In order to overcome this presumption there must be a clear showing that the parent has (1) abandoned the child, or (2) the conduct of the parent is so immoral to be detrimental to the child, or (3) the parent is unfit mentally or otherwise to have the custody of his or her child. . . ." 274 So.2d at 673.
In Pace v. Barrett, 205 So.2d 647 (Miss. 1968), paternal grandparents had custody of a minor child. The child's father died, the mother filed a petition to modify the decree in order to obtain custody of said child, and the lower court dismissed the petition. On appeal, this Court said:
 "The paternal grandparents have no right to the custody of their grandson, as against the mother, until they have charged and proved that she has forfeited her natural right to the custody of her minor son by abandonment or by immoral conduct, or other circumstances which clearly indicate that the best interest of the child will be served in the custody of another. . . . The burden of proof is squarely on their shoulders and they have not met this burden in this case." 205 So.2d at 649.
See also Naveda v. Ahumada, 381 So.2d 147 (Miss. 1980).
Morris v. Morris, 245 So.2d 22 (Miss. 1971), involved a petition to modify a final divorce decree awarding custody of four (4) minor children to the paternal grandparents. The Court found that the father and mother were presently unfit to have the permanent custody of the minor children and the temporary custody was granted to the paternal grandparents. The Court held that the primary concern was the best interest of the children.
The principle that there must be a material change of circumstances which adversely affects a child's welfare before a custody decree may be modified only applies between parents of the child. The correct application of the law as between grandparents (also other persons) and parents is stated inRodgers v. Rodgers, supra, viz, the parent is entitled to custody of the child unless he/she has abandoned the child *Page 613 
or is unfit to have custody, keeping in mind the best interest of the child. The best interest of a child does not mean a bigger home, a finer automobile, a color television or more money.
In Wansley v. Schmidt, 186 So.2d 462 (Miss. 1966), a divorce was granted to Wansley from Gertrude Wansley (Schmidt) and custody of the children was granted to the maternal grandparents. The decree recited that it was contemplated the mother of said children would reside in the home of the grandparents and would assist in the care of the children. Wansley filed a petition to modify the decree, seeking custody of the children. The suit, for all purposes, was between the mother and father of the children, and, while the lower court, affirmed by this Court, declined to change custody of the children, under the circumstances of that case, the decision did not violate the principle stated above.
The chancellor here erred in declining to modify the custody decree on the ground that appellant failed to prove a change of circumstances had occurred which materially affects the children's welfare adversely, and in dismissing the petition for that reason. The fact that he granted three (3) months' custody of the children to the mother (appellant) indicates that he was satisfied she was a fit person to have their custody.
The original divorce decree ordered that Alvin L. Purvis, Jr., father of said children, pay two hundred forty-six dollars ($246.00) per month to the grandparents for the children's support. The judgment of the lower court is reversed and the cause is remanded for that court to determine the present fitness of the appellant to have custody of the children, and, if she is presently a fit person, the court will grant custody to her, and will determine the support to be paid by the father.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
[1] Alvin L. Purvis, Jr., the father, did not seek custody.