ROY NOBLE LEE, Justice,
for the Court:
Terry Mathews Bloodworth has appealed from a decree of the Chancery Court of DeSoto County, Honorable L. E. Hanna-ford, Sr., presiding, which granted custody of two minor children to the DeSoto County Department of Welfare and ordered Blood-worth to pay $400 each month to the director of the welfare department for the children’s support. Their mother, Kathy Leigh Bloodworth, has not filed briefs and has not cross-appealed. She did make a pro se appearance and participated in the oral argument before this Court.
The appellant assigned three errors in the trial below, which may be consolidated into the one question of whether or not the lower court erred in holding that appellant was an unsuitable parent to have custody of the children and in awarding their custody to the DeSoto County Department of Welfare.
The parties were married January 14, 1972, and have two children, Thomas Scott Bloodworth, born November 13, 1972, and Leigh Ann Bloodworth, born August 15, 1978. Appellant filed suit for divorce against appellee and, after a full hearing, the chancellor entered a decree on September 3,1980, divorcing the parties. The lower court held that appellee “is morally unfit at this time to have the care, custody and control of the minor children of the parties” and that appellant “is not a proper, fit and suitable person to have the paramount custody of the minor children of the parties at this time, even though he was not proven morally unfit to have their paramount care, custody and control.” The lower court then held that the best interests of the minor children would be served by divesting custody from both parents and granting custody to the Director of the DeSoto County Department of Welfare. Appellant was ordered to pay $400 per month to the Director of the DeSoto County Department of Welfare for the children’s support, and visitation rights were granted to the parents.
In Thomas v. Purvis, 384 So.2d 610 (Miss.1980), quoting from Rodgers v. Rodgers, 274 So.2d 671 (Miss.1973), the Court said:
“[I]t is presumed that the best interest of the child will be preserved by it re *1337 maining with its parents or parent. In order to overcome this presumption there must be a clear showing that the parent has (1) abandoned the child, or (2) the conduct of the parent is so immoral to be detrimental to the child, or (3) the parent is unfit mentally or otherwise to have the custody of his or her child. ... ” 274 So.2d at 673.
(384 So.2d at 612)
After carefully reviewing the evidence, we think that detailing same would not be helpful. We are of the opinion that the chancellor, where no moral unfitness was found against appellant, was manifestly in error when he held that appellant was not a proper, fit and suitable person to have the paramount .custody of the children at that time. While the appellee was found by the chancellor to be unfit to have the custody of the children, it was made known to the court upon oral argument that appellee has had custody of the children for months and that appellant has exercised visitation rights with the children.[1] Appellee has married again, and counsel for appellant conceded to the Court in oral argument that both parents are now fit and suitable persons to have custody of the children.
The paramount concern of the Court is the best interest of the children. Morris v. Morris, 245 So.2d 22 (Miss.1971), and see Thomas v. Purvis, supra. Therefore, we reverse the judgment of the lower court and remand the case for an additional hearing on questions of custody and support, and for a determination as to what should be done in the best interest of the children.[2] The evidence may include matters relating to a change of circumstances surrounding the parties since the entry of the September 3, 1980, decree in the lower court.
REVERSED AND REMANDED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PATTERSON, C. J., took no part.

. The DeSoto County Department of Welfare never received custody of the children.

. Parental rights of the parties also must be considered.