498 So.2d 328 (1986)
Patsy L. DILLON
v.
Clyde W. DILLON.
No. 56653.
Supreme Court of Mississippi.
November 12, 1986.
*329 Keith Starrett, Starrett & Honea, Magnolia, for appellant.
W.H. McGehee, McGehee, McGehee & Torrey, Meadville, for appellee.
Before WALKER, C.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Clyde W. Dillon obtained a divorce from his wife, Patsy L. Dear Dillon in the Chancery Court of Franklin County, Mississippi. The divorce was granted on the ground of adultery and Stacy Clyde Dillon, the eighteen year old son of the parties, elected to live with his mother and she was granted his custody. Clyde Dillon was ordered to pay to her $250.00 per month for child support and further ordered to pay the remaining indebtedness on a car owned by the minor, Stacy Dillon. Clyde Dillon was further ordered to pay the remaining indebtedness on a car used by his former wife, Patsy Dillon. Patsy Dillon was awarded all the remaining personal items located in their home and she was awarded one-half (1/2) of all the sheets, blankets, linens, towels, pots, pans, dishes and utensils of the parties at the time of their separation. The chancellor further ordered that the home and real property that was jointly owned by the parties was to be partited according to § 11-21-7, Miss. Code Ann. (1972), and that the proceeds from this sale would be divided among the parties. Dissatisfied with the judgment of the trial court, Mrs. Dillon prosecutes this appeal.
The chancellor in his final decree made a detailed finding of facts in this case. It would add nothing to the jurisprudence of this State that those facts be repeated for publication. Suffice to say, this Court has carefully reviewed the record in this case and the finding of facts of the chancellor.

I.

WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE GRANTING OF A DIVORCE ON THE GROUND OF ADULTERY?
We begin with the basic statement that unless the chancellor's determination of fact is manifestly wrong this Court will uphold his decision. Dubois v. Dubois, 275 So.2d 100 (Miss. 1973).
It is also well accepted law in this jurisdiction that in order to grant a divorce on the ground of adultery, adultery must be proven by clear and convincing evidence. McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950).
*330 In Mississippi one seeking a divorce on the grounds of adulterous activity must show by clear and convincing evidence both an adulterous inclination and a reasonable opportunity to satisfy that inclination. Owen v. Gerity, 422 So.2d 284, 287 (Miss. 1982); Magee v. Magee, 320 So.2d 779, 783 (Miss. 1975); Rodgers v. Rodgers, 274 So.2d 671, 673 (Miss. 1973). Where the plaintiff relies on circumstantial evidence as proof for his allegations, he or she retains the burden of presenting satisfactory evidence sufficient to lead the trier of fact to conclusion of guilt. Rodgers, 274 So.2d at 673. However, such evidence need not prove the alleged acts beyond a reasonable doubt and the plaintiff is not required to present direct testimony as to the events complained of due to their secretive nature. Bunkley & Morse's Amis, Divorce & Separation in Mississippi, § 3.09(5) (1957). Nevertheless, the burden of proof is a heavy one in such cases because the evidence must be logical, tend to prove the facts charged, and be inconsistent with a reasonable theory of innocence. Owen, 422 So.2d at 287, citing and quoting Banks v. Banks, 118 Miss. 783, 79 So. 841 (Miss. 1918).
Additionally, a decision concerning such a claim ultimately requires the chancellor to make a finding of fact. See Cheek v. Ricker, 431 So.2d 1139, 1143 (Miss. 1983) (adulterous relationship necessarily requires finding of fact). Where chancellors make such findings of fact, this Court has consistently held that their decisions will not be set aside on appeal unless they are manifestly wrong. Devereaux v. Devereaux, 493 So.2d 1310, 1312 (Miss. 1986); Culbreath v. Johnson, 427 So.2d 705, 707-708 (Miss. 1983); Voss v. Stewart, 420 So.2d 761, 765 (Miss. 1982).
Upon this record we are satisfied that there is sufficient evidence to support the chancellor's granting of a divorce on the grounds of adultery and that that finding was not manifestly wrong. There is no merit to this assignment of error.

II.

DID THE CHANCELLOR ERR IN DIVIDING THE JOINTLY ACCUMULATED PROPERTY OF THE MARRIAGE?
Mrs. Dillon complains under this assignment that the chancellor did not equally divide the jointly accumulated property of the marriage.
In Mississippi the chancellor is not obligated or required by law to equally divide the properties of the parties to a divorce because Mississippi is not a community property state. Rives v. Rives, 416 So.2d 653 (Miss. 1982). However, the chancellor does retain the power and authority to effect an equitable division of jointly accumulated personal property acquired during the marriage. Cf. Watts v. Watts, 466 So.2d 889 (Miss. 1985).
The primary thrust of her argument is that Clyde Dillon owned 171 shares of South Central Bell stock, 43 shares of AT & T stock, $55,000.00 worth of life insurance, and an additional pension in insurance benefits acquired as an employee of South Central Bell. Mrs. Dillon claims that she should have been awarded an equal amount of the home's furnishings and awarded her vested interest in the jointly accumulated assets and cites Clark v. Clark, 293 So.2d 447 (Miss. 1974), in support of this argument. Under the authority of Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965), Mr. Dillon takes the position that he owned all the interest in the stocks and pension plan mentioned above and as such it was his separate property and Mrs. Dillon had no vested interest in it.
The record is bereft of any indication that Mrs. Dillon contributed to the acquisition of the stocks, bonds, or pension plan and that none of them were ever issued in her name. Further, with regard to the life insurance policies, Mr. Dillon purchased and paid the premiums from his own salary without contribution from Mrs. Dillon. Where there is no evidence that property was either acquired through joint funds of the parties or where there is no proof that one party has any legal title to the property, this Court has held that the chancellor *331 did not err in failing to adjudicate alleged property rights in such property. Bond v. Bond, 355 So.2d 672 (Miss. 1978).
We are of the opinion that in dividing the personal property of these parties the chancellor did not abuse his discretion and there is no merit to this assignment of error.

III.

DID THE CHANCELLOR ERR IN FAILING TO AWARD MRS. DILLON ATTORNEYS FEES?
Under § 93-5-23, Miss. Code Ann. (Supp. 1979), chancellors are extended broad discretionary authority to make all orders touching the maintenance and alimony of a wife in a divorce proceeding. The scope of this statute is broad and includes granting chancellors the authority to award attorneys fees in divorce proceedings. This Court has held on numerous occasions that a question concerning attorneys fees is largely a matter entrusted to the sound discretion of the trial court. Kergosien v. Kergosien, 471 So.2d 1206, 1212 (Miss. 1985). Unless the chancellor abuses his discretion in such matters, his decision as to whether or not to award attorneys fees will generally be upheld. Ladner v. Ladner, 436 So.2d 1366, 1375 (Miss. 1983). Furthermore, where a wife has sufficient funds or separate estate with which to pay her own attorneys fees, we have held that the chancellor did not err in failing to award her legal fees. Harrell v. Harrell, 231 So.2d 793 (Miss. 1970).
On the facts of the instant case we are satisfied that the chancellor's denial of attorneys fees to Mrs. Dillon was neither manifestly wrong nor an abuse of his discretion. There is no merit to this assignment of error.
The judgment of the Chancery Court of Franklin County in the matter of Dillon v. Dillon is therefore affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.