519 So.2d 1208 (1988)
PETITION OF H.N. BEGGIANI and Ann Beggiani For Adoption of Children Mentioned in Petition;
Bonnie J. PRANTE
v.
H.N. BEGGIANI and Ann BEGGIANI.
In the Interest of B.L.P. and C.M.P., Minors. Mississippi State Department of Public Welfare, H.N. "Buddy" and Ann Beggiani
v.
Bonnie J. PRANTE.
Nos. 58329, 58417.
Supreme Court of Mississippi.
February 3, 1988.
Luther P. Crull, Jr., Winona, for Prante.
Lisa B. Milner, Binder, Milner & Milner, Jackson, for Beggiani.
Eileen Q. Gault, Joe Gentile, Jackson, for Mississippi Dept. of Public Welfare.
Before ROY NOBLE LEE, C.J., and PRATHER and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
The present case represents the consolidation of two (2) appeals that will determine the future of two (2) minors, B.L.P. and C.M.P. Bonnie J. Prante, the maternal *1209 grandmother of the children, appeals an April 2, 1987 judgment of the Chancery Court of Hinds County, ordering the adoption of said children by H.N. Beggiani and Ann Beggiani. The State Department of Public Welfare, and the Beggianis, appeal a December 29, 1986 order of the Youth Court of Carroll County granting custody of B.L.P. and C.M.P. to Mrs. Prante. We affirm the decision of the Chancery Court of Hinds County, and reverse that of the Youth Court of Carroll County.

FACTS
On March 3, 1986, the natural mother of B.L.P. and C.M.P. brought them to the Carrollton office of the Carroll County Welfare Department, stating that she wanted to release the children for adoption. At that time, B.L.P., a female, was twenty-six (26) months old and C.M.P., a male, was fourteen (14) months old. The children showed signs of neglect, and were not in good physical health. As the natural mother further stated that she did not want to take B.L.P. and C.M.P. home with her, the Welfare Department took charge of the children.
On March 4, 1986, a shelter hearing was conducted in the Youth Court of Carroll County concerning the future of B.L.P. and C.M.P. Pursuant to a petition filed by the Welfare Department, B.L.P. and C.M.P. were placed in the custody of George W. Tuberville, county welfare director, for placement in an appropriate environment pending a hearing set for March 31, 1986. Subsequently, on March 12, 1986, the natural mother signed a surrender of parental rights and consent to adoption form.
On March 31, 1986, the Youth Court held a hearing concerning B.L.P. and C.M.P., and adjudicated them to be neglected children within the meaning of the Youth Court Act. The Youth Court continued custody with the Welfare Department, and ordered that it institute procedures to secure social and personal information on Bonnie J. Prante, the maternal grandmother and a resident of Colorado, from the appropriate Colorado agency, so that the court could determine at a later date if placement of the children with her was feasible.
The children were placed by the Welfare Department with the Beggiani family in Jackson, Mississippi on April 2, 1986. Placement of B.L.P. and C.M.P. with the Beggianis followed two (2) unsuccessful attempts to find homes for the children, which failed due to the burden presented by caring for two (2) infants. The Beggianis cherished having B.L.P. and C.M.P. in their home, finding them not too much to handle, and on May 13, 1986, they filed a petition for adoption of the children in the Chancery Court of Hinds County. In response to the Beggiani's adoption petition, Mrs. Prante filed on May 29, 1986 a motion to dismiss or alternatively an objection to the adoption and a motion for custody. Subsequently, on July 2, 1986, Mrs. Prante filed a petition for custody of the minor children in the Youth Court of Carroll County, to which the Beggianis filed a motion to dismiss. After due consideration, both courts refused to relinquish jurisdiction of the separate matters.
A trial before the Youth Court of Carroll County was held in October, 1986 to consider the petition of Mrs. Prante for custody of B.L.P. and C.M.P. Two (2) months later, on December 29, 1986, the Youth Court entered an order granting Mrs. Prante custody of the two (2) children. The children remained in the custody of the Beggianis, who have appealed the Youth Court's decision.
On March 19, 1987 the adoption petition of the Beggianis was heard by the Chancery Court of Hinds County, which by an opinion dated March 24, 1987, found that the best interest of the children would be promoted by an adoption by the Beggianis. A final judgment of adoption was entered on April 3, 1987, from which Mrs. Prante has appealed.

I. DID THE CHANCERY COURT OF HINDS COUNTY HAVE JURISDICTION TO HEAR THE ADOPTION ACTION WHEN JURISDICTION CONCERNING THE MINORS HAD PREVIOUSLY BEEN ASSUMED BY THE YOUTH COURT OF CARROLL COUNTY?
Mrs. Prante argues that when the Youth Court of Carroll County entered its *1210 shelter order on March 4, 1986 concerning B.L.P. and C.M.P., it obtained exclusive and original jurisdiction of the children through their twentieth birthday. Prante's contention is sounded in § 43-21-151 of the Mississippi Code (1972) which provides in pertinent part:
XX-XX-XXX. Jurisdiction.
(1) The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child.

(2) Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child's twentieth birthday, unless sooner terminated by order of the youth court. The youth court shall not have jurisdiction over offenses committed by a child on or after his eighteenth birthday. (emphasis added)
As exclusive and original jurisdiction over the children was vested in the Youth Court from and after March 4, 1986 Prante argues, it was improper for the Beggianis to file a petition for adoption in the Chancery Court of Hinds County on May 13, 1986, and for that court to enter a final decree of adoption on April 2, 1987. The Chancery Court of Hinds County had taken and retained jurisdiction of the adoption under the directives of Miss. Code Ann. § 93-17-3 which provides in relevant part that:
Who may be adopted  who may adopt  venue of adoption proceedings  change of name.
Such adoption shall be by sworn petition filed in the chancery court of the county in which the adopting petitioner or petitioners reside or in which the child to be adopted resides or was born, or was found when it was abandoned or deserted, or in which the home is located to which the child shall have been surrendered by a person authorized to so do. (emphasis added)
When the May 13, 1986 petition for adoption was filed, both the Beggianis and the children were living in Hinds County.
It is a well established rule in this jurisdiction that where two (2) suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit. Hancock v. Farm Bureau Ins. Co., 403 So.2d 877 (Miss. 1981); Huffman v. Griffin, 337 So.2d 715 (Miss. 1976); Martin v. O'Brien, 34 Miss. 21 (1857). Further, it has been stated, in regard to the "priority of jurisdiction" rule that:
In order that the rule may be applicable which prevents interference by another court with the jurisdiction of the court first assuming it, the second action should be between the same parties, seeking on the one hand, and opposing on the other, the same remedy, and should relate to the same question. (emphasis added)
21 C.J.S. Courts § 492, at 751 (1940). As such, for Mrs. Prante's argument that the "priority of jurisdiction" rule made improper the Hinds County Chancery Court adoption proceeding, there must, of necessity, be a determination that both actions involved the same controversy, the same remedy, and that such related to the same question.
The Supreme Court of Missouri considered an almost identical set of facts as presented by the case sub judice, as it concerns the priority of jurisdiction rule. In State ex rel. Grimstead v. Mueller, 361 Mo. 92, 233 S.W.2d 700 (1950), the Juvenile Division of the Circuit Court of Bates County, Missouri had, on February 3, 1948, entered a decree finding Sandra Lee Grimstead a neglected and abandoned child within the meaning of Missouri statutory law and ordered that said child be transferred to the Missouri Department of Public Health and Welfare. The minor was placed, on July 11, 1949, with Edward E. Kricensky and Sabina F. Kricensky, residents of St. Louis County, Missouri. On April 7, 1950 Mr. and Mrs. Kricensky filed their petition for the adoption of Sandra Lee Grimstead in the Juvenile Division of *1211 the Circuit Court of St. Louis County. Della Mae Grimstead, the natural mother of the minor objected to the adoption proceeding on the basis that the Bates County court had obtained and retained exclusive jurisdiction over the minor, until majority, when it previously decreed the child to be neglected and abandoned. This position was substantiated on the basis of § 9673, R.S.Mo. 1939 which provided that:
This article shall apply to children under the age of seventeen (17) years, ....: Provided, that when jurisdiction has been acquired under the provisions hereof over the person of a child, such jurisdiction shall continue, for the purpose of this article, until the child shall have attained its majority; .... (emphasis added)
The Circuit Court of St. Louis County refused to relinquish jurisdiction, and Grimstead appealed while the adoption was still pending.
In reviewing the appeal, the Supreme Court of Missouri stated that when a juvenile court has assumed jurisdiction of a neglected or abandoned child pursuant to the above statute, its jurisdiction supersedes that of any and all other courts touching the same subject matter. On this basis, the court found that:
The "same subject matter" before the Bates County Court in the case at bar was the neglected child, while the "subject matter" before the respondent (the St. Louis County Court) is the adoption of the child.
State ex rel. Grimstead, 233 S.W.2d at 702. As such, the Court allowed the St. Louis County adoption action to proceed.
Again, in In re Adoption of K, 417 S.W.2d 702 (Mo. App. 1967) the argument was made that once a youth court of one county takes jurisdiction of a neglected child, such jurisdiction is retained and no other court could thereafter make any order affecting the minor's status or custody, such as an adoption. Again, the rule was stated that the status of a neglected child and an adoption of that same child comprised two (2) separate and distinct subject matters. In re Adoption of K at 708. Consequently, a subsequent in time adoption action could proceed and was not barred by the priority of jurisdiction rule.
In the case at bar, the Youth Court jurisdictional statute relied upon by Prante states that:
Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child's twentieth birthday.... (emphasis added)
Miss. Code Ann. § 43-21-151(2) (1972). Obviously the Carroll County Youth Court's jurisdiction continued for the offense and purpose of the "neglected or abused" subject matter. But, such did not act to exclude the adoption proceeding in the Hinds County Chancery Court which made up a different subject matter.
Further, it has been recognized that adoption proceedings are entirely separate and distinct statutory proceedings neither connected with nor controlled by the prior custody awards of another court. Lewison v. State, 193 So.2d 53 (Fla. Dist. Ct. App. 1966). Even though a juvenile court may have obtained and retained jurisdiction over a custody case by an initial adjudication of dependency and a custody award, jurisdiction of another court in a subsequent adoption proceeding is unaffected, and the juvenile court could not act so as to thwart the adoption proceedings. Id. at 56. On this basis, the Chancery Court of Hinds County acted properly in assuming jurisdiction of the Beggianis' adoption petition pursuant to Miss. Code Ann. § 93-17-3 (1972) at a time when the Youth Court of Carroll County had assumed jurisdiction of B.L.P. and C.M.P. as neglected children. The assignment of error is without merit.

II. DID THE CHANCERY COURT OF HINDS COUNTY COMMIT MANIFEST ERROR IN GRANTING THE ADOPTION PETITION OF THE BEGGIANIS'?
Mrs. Prante argues that the Chancery Court of Hinds County committed manifest error in granting the adoption petition of the Beggianis, in that the Beggianis are unrelated to B.L.P. and C.M.P., and in that the lower court should have *1212 recognized a preferential right to custody in Mrs. Prante as the maternal grandmother of the children. Mrs. Prante's argument is unsound. As early as 1842, this Court held that:
The law has given to our courts the most unbounded jurisdiction over minors. Fathers may be preferred to mothers  mothers to fathers  relatives to parents  or strangers to either, for the custody and care of minors, where the interests of the child require its exercise. (emphasis added)
Foster v. Alston, 6 How. (7 Miss.) 406, 457 (1842). The rule that the paramount concern in cases where custody of a child is involved is the child's best interest has remained in full force and effect in this jurisdiction, and has continually been reaffirmed by this Court. J.C. v. Natural Parents, 417 So.2d 529, 531 (Miss. 1982); Bloodworth v. Bloodworth, 409 So.2d 1336, 1337 (Miss. 1982); Morris v. Morris, 245 So.2d 22 (Miss. 1971). Kinship is only a factor to be considered and is not determinative of the issue. As such, Mrs. Prante's argument for preferential status as the maternal grandmother of the children must fail.
Mrs. Prante further argues that an adoption of the children by the Beggianis would not be in the best interest of the children due to the fact that Mr. Beggiani was fifty-two (52) years old and Mrs. Beggiani was forty-nine (49) years old at the time of the hearing, and as such they were past the age at which an adoption should occur. Brunt v. Watkins, 233 Miss. 307, 101 So.2d 852 (1958). In the Brunt case the trial court made a factual determination that the best interest of the minor would not be served by an adoption to prospective parents of fifty-three (53) and forty-one (41) years of age where there were other prospective adoptive parents who were younger and would otherwise be suitable parents and who desired to adopt the child. On appeal, this Court, simply put, refused to reverse the chancellor's finding of fact on this issue. Brunt at 315, 101 So.2d at 856. The present case presents a different situation, in that the lower court made a factual determination that the best interest of the children would be served by granting the Beggianis' adoption petition, and there were no prospective adoptive parents who were younger than the Beggianis that desired to adopt B.L.P. and C.M.P. Indeed, the only other person seeking custody of the children was Mrs. Prante, who was fifty-two (52) years of age.
The proof at trial showed that the Beggianis were solid citizens in the community with a sound home and a close family relationship. Mr. Beggiani has an income of over $100,000 per year. Additionally, the Beggianis have successfully raised a previous child they adopted, and they have espoused their love for B.L.P. and C.M.P. Further, adoption workers with the Department of Public Welfare testified that the children had made substantial physical and mental progress since coming to live with the Beggianis, and to tear them from the only home they have ever known would only have a detrimental effect. On the contrary, the proof at trial showed Mrs. Prante to have had difficulty raising the two (2) children she had adopted. Her family is not close, with there being little communication. Further, at times she made little effort to keep in touch with B.L.P. and C.M.P.
After considering the above facts, the chancellor factually determined that the best interests of the children would be served by granting the adoption petition of the Beggianis. The chancellor's findings of fact will not be found erroneous unless manifestly wrong. Dillon v. Dillon, 498 So.2d 328 (Miss. 1986); Country Club of Jackson v. Saucier, 498 So.2d 337 (Miss. 1986). As we find no manifest error in the above determination, the assignment of error is meritless.

III. DID THE YOUTH COURT OF CARROLL COUNTY ERR IN FINDING THAT STATUTORY LAW GAVE PREFERENTIAL TREATMENT TO A MATERNAL GRANDMOTHER OVER FOSTER PARENTS SUPERSEDING THE BEST INTEREST OF THE CHILD DOCTRINE?
In rendering its judgment, which granted custody of B.L.P. and C.M.P. to Mrs. *1213 Prante, their maternal grandmother, the Youth Court of Carroll County, upon reviewing the facts, stated that the best interest of the children would be served by continued custody with the Beggianis. But, the lower court stated that certain sections of the Youth Court Act, in particular §§ 43-21-609 and 43-21-603 of the Mississippi Code of 1972 declare a preference for Mrs. Prante in that she is a relative and family member of the children. Further, the lower court stated that to overcome this statutory preference for Mrs. Prante, the Beggianis must show that it is in the "substantial best interest" of the children, or "significantly in the best interest" of the children, for custody to be placed in them. Section 43-21-609 provides in relevant part that:
Dispositional alternatives in neglect and abuse cases.
In neglect and abuse cases, the disposition order may include any of the following alternatives, giving precedence in the following sequence:
(a) release the child without further action;
(b) place the child in the custody of his parents, a relative or other person subject to any conditions and limitations as the court may prescribe; (emphasis added)
A plain reading of subsection (b) of § 43-21-609 clearly provides by stating, "a relative or other person", that the Beggianis may be considered equally with Mrs. Prante for custody of B.L.P. and C.M.P. Further, this Court has continuously said that in child custody matters, the paramount concern is always the best interest of the children. J.C. v. Natural Parents, 417 So.2d 529 (Miss. 1982); Bloodworth v. Bloodworth, 409 So.2d 1336 (Miss. 1982); Morris v. Morris, 245 So.2d 22 (Miss. 1971). There has been no rule established that requires custody to be in the "substantial best interest" or "significant best interest" of the children as stated by the lower court. If the "best interests" of the children would be served by custody with the Beggianis, as was found by the trial court, then such should have been ordered.
Additionally, the lower court relied upon the provision in § 43-21-603(7) of the Mississippi Code of 1972 which states that, "The youth court shall also order that reasonable efforts shall continue to be made towards reunification of the family," in determining that custody of the children should be with Mrs. Prante. In this light, it must be remembered that the natural mother of the children had, prior to the custody hearings, executed a surrender of parental rights and consent to adoption. Consequently, there was no manner in which to reunite B.L.P. and C.M.P. with the closest member of their family  their mother. Still, even in attempting to attain the goal of reunification of the family through granting custody with Mrs. Prante, the lower court should have remembered that the paramount concern is the best interest of the children. Bloodworth, supra; Morris, supra.[1] As the lower court stated that the best interest of the children would be served by granting custody to the Beggianis, it erred in subsequently placing the children with Mrs. Prante.

CONCLUSION
The Chancery Court of Hinds County, pursuant to the laws of this state, had jurisdiction to hear the adoption petition of the Beggianis. As there was no manifest error in its determination that the best interest of B.L.P. and C.M.P. would be served by granting the adoption, the decision of the Chancery Court of Hinds County *1214 should be affirmed. As a consequence of the fact that an adoption is superior to a custody award, and additionally as the Youth Court of Carroll County did not pursue the best interests of the children, its decision is reversed.
THE DECISION OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED; THE DECISION OF THE CARROLL COUNTY YOUTH COURT IS REVERSED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] In retropect, the Department of Public Welfare had been ordered by the Youth Court of Carroll County to secure information about Prante so that the lower court could determine if placement of the children with her was feasible. Before it could make its report concerning Prante to the lower court, the Department of Public Welfare placed the children with the Beggianis for adoption. In doing so, it showed little, if any regard for the lower court's ongoing proceedings, which we cannot condone. Still, we recognize that Miss. Code Ann. § 43-15-13 (1972) requires the Welfare Department to administer individual plans for each child within its custody, and that in the present case the best interests of the children were ultimately served by placement with the Beggianis, as was found by both lower court judges.