McRAE, Justice,
Dissenting:
¶ 15. The Constitution of 1890 trumps any statute that is in conflict with it. Accordingly, I dissent. The chancery court is a court established by the Mississippi Constitution. The Constitution requires that all matters involving minors will have jurisdiction in the chancery court. See Miss. Const, of 1890, § 159. The youth court’s jurisdiction is derived from statutes. Miss.Code Ann. § 43-21-151(1996); Miss.Code Ann. § 93-15-105 (1996). The statute establishing the youth court’s jurisdiction sets out certain matters involving abuse and neglect that may be handled by the youth court exclusively. Miss.Code Ann. § 93-15-105 adds that petitions to terminate parental rights may be heard in both youth court and chancery court, therefore granting the youth court concurrent jurisdiction over the issue. The legislature may give concurrent jurisdiction previously held exclusive to one court to another, but such an expansion of powers of the latter does not diminish the jurisdictional powers of the former. Neither the statutes bestowing the concurrent jurisdictional powers on the youth court nor the constitutional provisions establishing the chancery court diminish the chancery court’s jurisdictional authority to hear petitions to terminate parental rights. The chancery court’s jurisdictional powers are derived from the constitution, and any statute that conflicts with such is void. If a statute is interpreted to strip the jurisdictional powers of the chancery court, said statute would be unequivocally viola-tive of the constitution.
¶ 16. Furthermore, the issues ruled on by the youth court are not the same as those before the chancery court. There was never a petition to terminate parental rights filed in the youth court. The majority notes, but apparently ignores the fact that this Court has already dealt with this matter on two prior occasions, acknowledging each time that we are faced with two different issues: termination of parental rights and custody and visitation.
¶ 17. By allowing the youth court to have exclusive jurisdiction over such matters, the majority in effect is overruling Petition of Beggiani, 519 So.2d 1208 (Miss.1988) and In re T.A.P., 742 So.2d 1095 (Miss.1999). The majority notes that Petition ofBeggiani held that the youth court should retain jurisdiction over the abuse and neglect subject matter, but that the chancery court was not precluded from properly determining the adoption matter, since that is a different subject.
¶ 18. In the case of In re T.A.P., the majority points out that these the termination of parental rights issue before the chancery court and the termination of visitation and custody rights issue before the youth court were two different types of matters. 742 So.2d at 1103-04. In the T.A.P. case, the chancery court did not terminate the parental rights and this Court therefore sent it back to the youth court to reconsider its denial of visitation to the natural parent. Id. What is significant to note and that the majority overlooks, is that T.A.P. deals with the same jurisdictional conflict we face here today.
¶ 19. Miss.Code Ann. § 43-21-151 states that the youth court has exclusive jurisdiction over certain issues involving abused and neglected children. Simply because the matter involves abused and neglected children does not, however, prohibit the chancery court from having jurisdiction over other issues. The majority even comments in its footnote that “[T]here are some matters concerning abused and neglected children over which the youth court has no jurisdiction. See Miss.Code Ann. § 93-17-3 (1994) (adoption petitions must be filed in the chancery court).”
¶20. Normally, termination of parental rights and adoption are one in the same. If you are adopting, you are terminating *120 somebody else’s parental rights and it must go back to the chancery court. If the majority recognizes that the chancery court retains absolute jurisdiction over adoption petitions that terminate parental rights, including those cases which involve abused and neglected children, how can the majority interpret that it “is the clear and unmistakable intent of the Legislature in using the phrase ‘all proceedings’ ” in Miss.Code Ann. § 43-21-151 to allow the youth court exclusive jurisdiction over the termination of parental rights, simply because it initially handled some other matter?
¶ 21. Even if it were the legislature’s intent to give the youth court jurisdiction over these type of matters though its amendments to § 93-15-105, it could not have precluded the chancery court’s concurrent jurisdiction, nor could it grant the youth court priority jurisdiction. The statute is clear and explains that jurisdiction is concurrent with and not in substitution of the chancery court’s jurisdiction. If the legislature wanted to reduce the jurisdictional powers of a constitutionally created court, it could pass an amendment to the constitution limiting that court’s jurisdiction, but such did not occur here. If we interpret the statutes to reduce the chancery court's jurisdiction, then the statutes would be void due to their conflict with the constitution.
¶ 22. This Court has already held that termination of parental rights is a different category than matters involving the. abused and neglected child, and to preclude the chancery court from exercising jurisdiction here is wrong and violative of the constitution. Accordingly, I dissent.
PRATHER, C.J., PITTMAN and BANKS, P.JJ., join this opinion.