FAIR, J., DISSENTING:
 

 ¶ 21. The majority reverses the chancellor's judgment based on its finding that the chancellor "misapplied" the legal standard for proof of adultery. In fact, the chancellor was quoting from one of our decisions,
 
 Mitchell v. Mitchell
 
 ,
 
 767 So.2d 1037
 
 , 1041 (¶ 12) (Miss. Ct. App. 2000), which the majority would overrule. In my judgment,
 
 Mitchell
 
 was just paraphrasing the rule followed by Mississippi Supreme Court for a hundred years. I can find no
 error in the legal standard, as the chancellor articulated or applied it, and I would affirm the chancery court's judgment.
 

 ¶ 22. In particular, the majority finds objectionable the chancellor's holding that Chester's "proof did not lead one
 
 only
 
 to the conclusion of guilty."
 
 Ante
 
 at (¶ 16) (emphasis in original). That is nearly a word-for-word quote from
 
 Mitchell
 
 ,
 
 767 So.2d at 1041
 
 (¶ 12), including the emphasis: "The circumstantial evidence presented by Eddie does not lead one
 
 only
 
 to the conclusion of guilt as required by case law." According to the majority,
 
 Mitchell
 
 should be overruled on that point because it erroneously applied the legal standard from
 
 McAdory v. McAdory
 
 ,
 
 608 So.2d 695
 
 , 699 (Miss. 1992), which
 
 Mitchell
 
 cited. In
 
 McAdory
 
 , the supreme court stated that the circumstantial proof of adultery must "
 
 be inconsistent with a reasonable theory of innocence
 
 ."
 
 McAdory
 
 ,
 
 608 So.2d at 699
 
 (emphasis in original). Since one can only be innocent or guilty of adultery, and if the proof must be "inconsistent with a reasonable theory of innocence," it follows that sufficient proof must
 
 only
 
 lead to the conclusion of guilt.
 
 Mitchell
 
 ,
 
 767 So.2d at 1041
 
 (¶ 12). In my judgment, the two statements are logically equivalent.
 

 ¶ 23. The particular articulation of the rule used in
 
 McAdory
 
 and
 
 Mitchell
 
 dates to at least 1918, when the supreme court held in
 
 Banks v. Banks
 
 ,
 
 118 Miss. 783
 
 , 788,
 
 79 So. 841
 
 , 842 (1918), that the proof "must be inconsistent with a reasonable theory of innocence." It is instructive to read the supreme court's holding in
 
 Banks
 
 more fully, with my emphasis added:
 

 Where an offense of this kind is sought to be proven by circumstantial evidence, the circumstances must be proven with reasonable certainty, and the circumstances so proven must be such that the conclusion sought to be established follows logically from the facts.
 
 If there are two or more reasonable theories which may be drawn from the facts proven, the proof will be insufficient
 
 because, to invest mere circumstances with the force of truth, the conclusion must not only be logical, and tend to prove the facts charged, but must be inconsistent with a reasonable theory of innocence.
 

 Id.
 

 at 787-88
 
 ,
 
 79 So. at 842
 
 .
 

 ¶ 24. The majority actually concedes that "the parties' evidence might be capable of more than one reasonable interpretation."
 
 Ante
 
 at (¶ 18). If that is the case, then "the proof will be insufficient" under
 
 Banks
 
 because "there are two or more reasonable theories which may be drawn from the facts proven."
 
 Banks
 
 ,
 
 118 Miss. at 787
 
 ,
 
 79 So. at 842
 
 .
 
 [2]
 
 The proof fails under
 
 McAdory
 
 because the evidence was not "
 
 inconsistent with a reasonable theory of innocence
 
 ."
 
 McAdory
 
 ,
 
 608 So.2d at 699
 
 (emphasis in original). And the evidence "does not lead one
 
 only
 
 to the conclusion of guilt."
 
 Mitchell
 
 ,
 
 767 So.2d at 1041
 
 (¶ 12) (emphasis in original). These are all just different ways of saying the same thing.
 

 ¶ 25. The majority also faults the chancellor for stating that "he said, she said" testimony is insufficient to meet the burden. This is also a quote from
 
 Mitchell
 
 : "[T]he burden remained on Eddie to prove his claim of adultery.... This burden cannot be met with only 'he said, she said' testimony alone."
 
 Mitchell
 
 ,
 
 767 So.2d at 1041
 
 (¶ 12) (citing
 
 Dillon v. Dillon
 
 ,
 
 498 So.2d 328
 
 , 330 (Miss. 1986) ). I concede that there may be some potential for mischief in that choice of words, as
 
 Mitchell
 
 intended them to be a comment on the weight of the evidence required-clear and convincing-and not a statement that the chancery court lacks the authority to resolve conflicting testimony. But it is apparent to me that the chancellor knew better; she properly used the quote as a comment on the burden of proof. She wrote:
 

 While the proof of an adulterous affair need not be beyond a reasonable doubt, and direct evidence is not required given the inherently secretive nature of adulterous relationships, the evidence must be clear and convincing, and inconsistent with a reasonable theory of innocence. The burden remains on the Plaintiff to prove his claim of adultery. This burden cannot be met with "he said, she said" testimony alone.
 
 Mitchell
 
 [,
 
 767 So.2d at 1041
 
 (¶ 12) ]. Although the conclusion that the Defendant committed adultery with Marcus may be logical, the circumstantial evidence presented by the Plaintiff does not lead one
 
 only
 
 to the conclusion of guilt as required by case law. Therefore, the court finds that the evidentiary basis for a finding of adultery on the part of the Defendant is insufficient.
 

 ¶ 26. I can see nowhere in the chancellor's opinion where she denied her authority to resolve conflicting testimony, and the majority points to no example of conflicting testimony that went unresolved. In fact, there does not appear to have been any conflicting testimony as to the circumstantial evidence of Tiffany's alleged adultery, as Chester's testimony as to finding his wife socializing with another man was accompanied by photographs, and Tiffany herself did not deny the socializing occurred. I can find no error here.
 

 ¶ 27. I would conclude that the chancellor followed well-established Mississippi law and that her judgment should stand in its entirety.
 

 WILSON AND GREENLEE, JJ., JOIN THIS OPINION. WESTBROOKS, J., JOINS THIS OPINION IN PART.
 

 The same language was included in
 
 McAdory
 
 ,
 
 608 So.2d at 700
 
 , and other cases.
 
 See, e.g.
 
 ,
 
 Owen v. Gerity
 
 ,
 
 422 So.2d 284
 
 , 287 (Miss. 1982) ;
 
 Pool v. Pool
 
 ,
 
 989 So.2d 920
 
 , 925 (¶ 14) (Miss. Ct. App. 2008).