## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CT-01948-SCT

*MITCHELL LAMAR CHESNEY*

*v.*

*CYNTHIA ANN HOWINGTON CHESNEY*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 9/11/2000 |
| TRIAL JUDGE: | HON. SARAH P. SPRINGER |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LESLIE R. BROWN |
| ATTORNEY FOR APPELLEE: | LAWRENCE PRIMEAUX |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 10/03/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/24/2002 |

### EN BANC.

### CARLSON, JUSTICE, FOR THE COURT:

¶1. Mitchell Lamar Chesney (Mitchell) and Cynthia Ann Howington Chesney (Cindy) were granted an irreconcilable differences divorce by the Chancery Court of Lauderdale County. The parties were unable to agree on matters relating to post-divorce child support, division of marital assets, and alimony. Pursuant to statute, the parties submitted these matters to the chancellor for decision. The chancellor's order included (a) that Mitchell contribute to the youngest daughter's private school tuition and athletic fees and provide that child a car in addition to the monthly child support he was ordered to pay; (b) an equitable division of the marital estate; (c) an award to Cindy of periodic alimony; and, (d) an award of attorney's fees to Cindy. Following that decision, Mitchell appealed to this Court, which assigned the matter to the Court of Appeals.

¶2. On appeal, Mitchell raised a number of issues relating to child support, periodic alimony, attorney's fees and the equitable distribution of the marital estate. The Court of Appeals reversed and remanded as to the child support, ordering that the chancellor make specific findings of fact on her departure from the statutory child support guidelines. The Court of Appeals reversed and rendered on the matter of periodic alimony and attorney's fees finding no deficit in Cindy's share of the marital estate, and no entitlement to attorney's

fees. *Chesney v. Chesney*, 2002 WL 119606 (Miss. Ct. App. 2002).

¶3. In her petition to this Court, Cindy asserts that the order that Mitchell pay one-half of his daughter's private school tuition and athletic fees should be considered child maintenance expenses and not additional child support. She also asserts that the chancellor properly awarded periodic alimony, finding that Cindy would be unable to maintain her standard of living on her share of the marital estate. Finally, Cindy asserts that the award of attorney's fees was proper because the chancellor found that a portion of her legal fees were related to Mitchell's failure to comply with a court order.

¶4. Because we find the decision of the Court of Appeals erroneous only as to the issue of attorney's fees, we address only that issue.

## FACTS

¶5. Mitchell and Cindy Chesney were married in 1976 and resided in Lauderdale County as husband and wife, until 1999. They had three children and one was emancipated at the time of the divorce.

¶6. Upon petition for divorce, the chancellor found that the parties were of approximately the same age, both in good physical and mental health and both gainfully employed, earning roughly the same income. The chancellor also found that both had contributed positively to the marriage; however the chancellor concluded that Mitchell's extra-marital relationship had contributed substantially to the ultimate deterioration of the marriage.

¶7. The issue before this Court is that of attorney's fees. The chancellor found that $6,000.00 is a reasonable attorney's fee in this matter and awarded Cindy just over half that amount or $3,500.00. The chancellor found that both parties are able to pay their own legal fees, but noted that Cindy incurred additional legal fees because of Mitchell's misconduct in the divorce proceedings. The chancellor opined that dealing with Mitchell's failure to comply with the Judgment Granting Temporary Relief, for which he was found to be in contempt of the court, and his denial of the extra-marital relationship, resulted in greater legal expenses for Cindy.

## DISCUSSION

¶8. This Court's scope of review in domestic relations matters is limited. *Montgomery v. Montgomery*, 759 So.2d 1238, 1240 (Miss. 2000). Absent an abuse of discretion, this Court will uphold the decision of the chancellor. *Hollon v. Hollon*, 784 So.2d 943, 946 (Miss. 2001). This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Henderson v. Henderson*, 757 So.2d 285, 289 (Miss. 2000).

### ATTORNEY'S FEES AND COSTS OF LITIGATION

¶9. Cindy Chesney asks this Court to determine whether the trial court committed error in awarding attorney's fees. "Generally the award of attorney's fees in a divorce case is left to the discretion of the trial court." *Cheatham v. Cheatham*, 537 So.2d 435, 440 (Miss. 1988); *see also* **Hemsley v. Hemsley**, 639 So.2d 909, 915 (Miss. 1994). Absent an abuse of discretion or manifest error, the chancellor's decision about attorney fees will not be disturbed by the reviewing court. *Creekmore v. Creekmore*, 651 So.2d 513, 520 (Miss. 1995).

¶10. This Court has established the criteria to be analyzed in determining whether to award attorney fees in *McKee v. McKee*, 418 So.2d 764, 767 (Miss. 1982) and *Watson v. Watson*, 724 So.2d 350 (Miss. 1998). Those criteria include (1) "relative financial ability of the parties;" (2) the "skill and standing of the attorney employed," (3) novelty and difficulty of issues in the case, (4) the responsibility required in managing the case, (5) "time and labor required," (6) the "usual and customary charge" in the community, and (7) whether the attorney was precluded from undertaking other employment by accepting the case. *McKee*, 418 So.2d at 767.

¶11. The chancellor considered these factors as they relate to the case sub judice. She noted Cindy's ability to pay her own attorney's fees and Mitchell's misconduct during these proceedings, including being found in contempt of court. The chancellor determined that Cindy should be awarded a reasonable portion of her attorney's fees, as additional fees were directly related to Mitchell's conduct.

¶12. There have been a number of prior decisions upholding the award of attorney's fees to one party where the other party has been found to be in contempt of court or where that party's actions caused additional legal fees to be incurred. *See A&L, Inc. v. Grantham*, 747 So.2d 832, 844-45 (Miss. 1999) (holding that awarding attorney's fees under certain circumstances, regardless of the party's ability to pay, is not a reward, but reimbursement for the extra legal costs incurred as a result of the opposing party's actions); *Douglas v. Douglas*, 766 So.2d 68, 71 (Miss. Ct. App. 2000) (where a party who is entitled to the benefits of a previous judicial decree is forced to initiate further proceedings to gain compliance with the previous order of the court, an award of attorney's fees is appropriate).

¶13. The decision by the Court of Appeals, in this case, to reverse the award of attorney's fees because Cindy has adequate financial resources to pay the costs of her representation overlooks the chancellor's reasoning for awarding attorney's fees. The Court of Appeals decision is also inconsistent with *Burnham-Steptoe v. Steptoe*, 755 So.2d 1225, 1236 (Miss. Ct. App. 1999), which provides for sanctions, including an award of attorney's fees, for conduct during the pendency of the case that obstructs litigation and results in additional fees.

¶14. The chancellor did make a finding on the record that while both parties are able to pay their legal fees, part of Cindy's attorney fees were related to Mitchell's failure to comply with the Judgment Granting Temporary Relief. The chancellor also noted that part of Cindy's legal fees were related to Mitchell's denial of his relationship with another woman. The chancellor's order that Mitchell pay a portion of Cindy's attorney's fees is consistent with previous decisions and as such, was not clearly erroneous and should not have been disturbed.

## CONCLUSION

¶15. With regard to the chancellor's order that Mitchell contribute to his youngest daughter's private school tuition and athletic fees and provide that child a car in addition to the monthly child support he was ordered to pay, the decision of the Court of Appeals to reverse and remand to the trial court is affirmed. Since the petition for writ of certiorari did not raise the issue of the equitable division of the marital estate, we do not address that issue. As to the issue of periodic alimony, we affirm the decision of the Court of Appeals, which found that the evidence does not establish the kind of marital estate deficit that warrants an award of periodic alimony. On the issue of attorney's fees, we reverse the decision of the Court of Appeals. The chancellor's order that Mitchell pay a portion of Cindy's attorney's fees because of his misconduct during the divorce proceedings is consistent with previous decisions of this Court; therefore, the decision of the

Court of Appeals as to the award of attorney's fees is reversed and the chancellor's order as to this award is reinstated. In sum, the judgment of the Court of Appeals is affirmed in all respects, except as to the issue of Cindy's attorney's fees. Thus, the judgment of the chancery court is affirmed in part and reversed in part and remanded in part for further proceedings consistent with this opinion and the Court of Appeals' opinion.

¶16. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

> **PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.**

> **McRAE, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶17. I concur with the majority except as to the issue of the award of Cindy Chesney's expenses. The chancellor's assessment against Mitch Chesney of Cindy Chesney's expenses relating to the adultery allegation contradicts Cindy's required burden of proof and ignores that the two ultimately agreed to an irreconcilable differences divorce thereby removing any contest on the issue of adultery. Moreover, some of the adultery related expenses were incurred prior to the filing of the divorce complaint and cannot, therefore, be justified as sanctions under [Rule 37(c) of the Mississippi Rules of Civil Procedure](). Accordingly, I dissent in part.

¶18. The record reveals that Cindy hired a private investigator *before* she filed for divorce. She later filed for a divorce on adultery grounds and in the alternative pled irreconcilable differences. She served requests for admission relating to adultery, which Mitch denied. He then filed a counter-complaint on the ground of cruel and inhuman treatment.

¶19. Before trial, however, Mitch and Cindy entered an Agreed Consent to Divorce on the Ground of Irreconcilable Differences. Any fault for purposes of divorce was therefore not in issue. As such, the assessment of fees reserved for adjudication should have been related only to Mitch's contempt of the temporary orders.

### I. The Burden of Proof

¶20. A party alleging adultery as a basis for divorce bears the burden of proving adultery. *Brooks v. Brooks*, 652 So.2d 1113, 1115 (Miss.1995); *McAdory v. McAdory,* 608 So.2d 695, 699 (Miss.1992) (quoting *Dillon v. Dillon*, 498 So.2d 328, 330 (Miss.1986)). Indeed, on the issue of adultery, Cindy at all times would have retained the burden of presenting satisfactory evidence sufficient to lead the trier of fact to a conclusion of guilt. *Dillon,* 498 So.2d at 330; *Mitchell v. Mitchell*, 767 So.2d 1037, 1040 (Miss. Ct. App. 2000). And it is well-settled that when a party denies requests for admission, the opposing party is required to prove otherwise.

¶21. While on the one hand Cindy may have been prudently preparing to meet her legal burden by hiring a private investigator, she may very well on the other have been attempting to assuage her own personal suspicion. Either way, Mitch certainly should not be forced to pay for Cindy's self-selected expenses associated with developing her case or satisfying her own personal suspicions before she ever filed for a divorce. And his denial requires her to put on proof.

## II. Rule 37(c) does not justify a fee assessment relating to the adultery allegation.

¶22. Although Cindy argues that Rule 37(c) of the Mississippi Rules of Civil Procedure permits a judge to impose attorney's fees as a sanction against a party who denies a request for admission that is later proven at trial to be true, this rule applies only to expenses *resulting* from one's failure to admit to issues later *contested* at trial. First, since the investigation fee is not the *result* of a denied request for admission and, second, since there was no trial on the issue of adultery for purposes of divorce, Rule 37(c) does *not* apply.

### A. Rule 37(c) applies to expenses *resulting* from a party's failure to admit.

¶23. Rule 37(c) sanctions are designed to compensate for *added* expenses *caused* by discovery abuses. *TDS Healthcare Sys. Corp. v. Humana Hosp. Ill., Inc.*, 880 F. Supp. 1572, 1581 (N.D.Ga.1995). They are designed to reimburse reasonable expenses *incurred* by a party *in proving* the truth of a requested admission later contested at trial. *See Cooper v. State Farm Fire & Cas. Co.* 568 So.2d 687, 695 (Miss. 1990). As such, an award of expenses incurred prior to the propounding of requests for admission are improper and constitute an abuse of discretion. *Garcia v. Hyster Co.*, 34 Cal. Rptr. 2d 283 (Cal. Ct. App. 1994); *see also Dorr v. Dorr,* 797 So.2d 1008, 1017 (Miss. Ct. App. 2001)(party had power to seek admission from his former wife that he made child support payments, and that were she to deny receiving those payments, he could have obtained the necessary records and sought to have the reasonable expenses incurred *in making that proof* assessed against her); *Fralin ex rel. Fralin v. Allstate Ins. Co.* 563 S.E.2d 643 (N.C. Ct. App. 2002) (awarding attorney's fees due to defendant's inappropriate denial of requests for admissions resulting in the plaintiff's attorney expending a considerable amount of time to prove those facts); *Rogers v. Armstrong,* 2002 WL 397728 (Ohio Ct. App. 2002) (trial court did not abuse its discretion in awarding the plaintiff the expenses she incurred *as a result* of the defendant's failure to admit).

¶24. In the present case, Rule 37(c) does not contemplate compensation for Cindy's private investigation or expenses related to allegations of adultery since they are not the *result* of Mitch's denials. Particularly, forcing Mitch to pay for Cindy's private investigator expense cannot be justified under any law.

### B. Rule 37(c) does not apply to non-contested issues.

¶25. Not only are Rule 37(c) sanctions limited to expenses *resulting* from discovery abuses, they are also limited to expenses related to issues contested at trial. Applying the plain language of Rule 37(c), the court in *Payne v. Wallace*, 32 P.3d 695 (Idaho Ct. App. 2001) held that where issues covered by requests for admissions regard issues not contested at trial, post-trial Rule 37(c) sanctions should not be awarded. *Id*. at 702. And as explained by another of our sister jurisdictions, the purpose of the discovery process is not to force the opposing party to admit to the contested facts that are at the heart of the ultimate dispute; rather, the central purpose of the discovery rules is to require the admission of facts which ought not to be disputed at trial, so as to eliminate the time, trouble and expense of proving facts that are undisputed. *Brodtmann v. Duke*, 803 So.2d 41, 45 (La. Ct. App. 2001). Here in our own state, in *Martin v. Mabus,* 734 F. Supp. 1216 (S.D. Miss. 1990), plaintiffs argued entitlement to their witness fees under Fed. R. Civ. P. 37(c) because the defendants failed to admit certain matters for which the witnesses were later necessary to prove liability related to a Mississippi civil rights violation. Although the court denied the fees, it would not have considered the fees were the witnesses not needed for a contested issue at trial. *Martin v. Mabus,* 734 F. Supp. at 1223-25.

¶26. In the present case, the record is clear: On the morning of trial, Mitch and Cindy removed the issue of adultery out of the granting of the divorce. They consented to an irreconcilable differences divorce, and such consent was entered. Remaining issues were heard, including those related to attorney's fees. But the chancellor improperly ordered Mitch to compensate Cindy for her pre-complaint private investigation expenses, and any expenses relating to the adultery allegation. Rule 37(c) does not justify shifting these expenses to Mitch.

¶27. I therefore dissent. The judgment of the chancellor should be reversed and rendered as to the amount awarded to Cindy for her private investigation expenses and those related to the adultery allegation.

**EASLEY, J., JOINS THIS OPINION.**