# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2000-CA-01948-COA

**MITCHELL LAMAR CHESNEY**                                    **APPELLANT**

**v.**

**CYNTHIA ANN HOWINGTON CHESNEY**                            **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 09/11/2000 |
| TRIAL JUDGE: | HON. SARAH P. SPRINGER |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LESLIE R. BROWN |
| ATTORNEY FOR APPELLEE: | LAWRENCE PRIMEAUX |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | DIVORCE GRANTED WITH ALIMONY AND EQUITABLE DISTRIBUTION |
| DISPOSITION: | REVERSED AND REMANDED IN PART, AFFIRMED IN PART, REVERSED AND RENDERED IN PART - 01/29/2002 |
| MOTION FOR REHEARING FILED: | 2/11/2002; denied 4/2/2002 |
| CERTIORARI FILED: | 4/11/2002; granted 5/23/2002 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., BRIDGES, AND CHANDLER, JJ.

McMILLIN, C.J., FOR THE COURT:

¶1. Mitchell and Cindy Chesney were granted an irreconcilable differences divorce by the Chancery Court of Lauderdale County. The parties were unable to agree on matters relating to post-divorce child support, the division of marital assets and possible alimony provisions for Mrs. Chesney. Pursuant to statute, the parties submitted these matters to the chancellor for decision. Mr. Chesney, finding himself dissatisfied with a substantial part of the chancellor's resolution of these matters, has appealed to this Court claiming that the chancellor abused her discretion in fashioning her judgment.

¶2. Mr. Chesney specifically claims that (a) the chancellor should not have required him to contribute to the youngest daughter's private school tuition and athletic fees and provide that child a car in addition to the monthly child support he was ordered to pay, (b) the chancellor did not equitably divide the marital estate, (c) it was an abuse of discretion to award periodic alimony, and (d) the award of attorney's fees to Mrs. Chesney was error. Finding some of the issues raised by Mr. Chesney to have merit, we reverse and remand as to child support, affirm the equitable division of marital assets, and reverse and render the award of periodic alimony and attorney's fees.

# I.

## Facts

¶3. Mitchell and Cindy Chesney were married in 1976 and resided as husband and wife in Lauderdale County until late 1999. There were three children born to their marriage, one of which was emancipated at the time of the divorce.

¶4. The chancellor found that the parties were of approximately the same age, both were in good physical and mental health, and both were gainfully employed earning roughly the same income. Both, according to the chancellor's findings, had contributed positively in various ways to the marriage; however, the chancellor further concluded that Mr. Chesney's romantic involvement with another woman had contributed substantially to the ultimate deterioration of the marital relationship.

# II.

## Standard of Review

¶5. The scope of our review of the chancellor's decisions in matters such as this is limited. *McNeil v. Hester*, 753 So. 2d 1057, 1063 (¶ 21) (Miss. 2000). The chancery court's determinations are afforded substantial deference so long as there is substantial evidence to support the chancellor's findings of fact. *McEwen v. McEwen*, 631 So. 2d 821, 823 (Miss. 1994). This Court will overturn the chancellor's determinations only if they are clearly erroneous. *Hill v. Southeastern Floor Covering Co.*, 596 So. 2d 874, 877 (Miss.1992).

# III.

## Child Support

¶6. The lower court required Mr. Chesney to pay child support in the amount of $530 per month, which was the amount determined by applying the appropriate percentage found in the statutory guidelines to Mr. Chesney's available income. Miss. Code Ann. § 43-19-101 (Rev. 2000). In setting child support in that amount, the chancellor specifically stated that the guidelines produced an appropriate amount of child support based on the facts presented to her. Despite that finding, the chancellor ordered Mr. Chesney to additionally pay one half of the youngest child's private school tuition and athletic fees. She also ordered Mr. Chesney to purchase that child a car comparable to that furnished for the two older children at such time as the youngest child reached driving age. Mr. Chesney complains that these additional expenses are a form child support, no matter how they are characterized by the chancellor. The order to pay these additional obligations, according to Mr. Chesney's argument, constitutes an abuse of discretion on the chancellor's part since they necessarily increase his periodic support obligation beyond that required under the statutory guidelines.

¶7. We agree that the additional costs are in the nature of child support. This conclusion is not altered by the fact that the chancellor dictated a particular use for these additional sums. The statutes establishing child support guidelines permit the chancellor to vary from the presumptively-appropriate amounts dictated by Section 43-19-101 only upon a specific finding by the chancellor as to why the statutory guidelines are inappropriate. Miss. Code Ann. § 43-19-103 (Rev. 2000). The Mississippi Supreme Court has specifically required the chancellor to make these statutorily-mandated findings as a prerequisite to entry of a support

order deviating from the guidelines. *Clausel v. Clausel*, 714 So. 2d 265, 267 (¶ 8) (Miss. 1998). In the absence of any such findings suggesting the necessity to exceed the statutory guidelines, we find it necessary to reverse and remand the matter for further proceedings to determine a proper level of child support to be substantiated by evidence in the record and necessary findings of fact supported by that evidence.

## IV.

### Equitable Distribution

¶8. *Ferguson v. Ferguson*, 639 So. 2d 921, 927 (Miss. 1994), holds that marital assets should be divided equitably. This does not necessarily mean an equal division. *Chamblee v. Chamblee*, 637 So. 2d 850, 863-64 (Miss. 1994). Rather, the division must be made equitably after due consideration to a number of factors enumerated in the *Ferguson* decision. *Ferguson*, 639 So. 2d at 928. In the case now before us, the chancellor awarded approximately $187,000 of the marital property to Mrs. Chesney and $176,000 of the marital property to Mr. Chesney. In view of the fact that the chancellor found Mr. Chesney's improper behavior contributed to the demise of the marriage, which is a legitimate consideration in making the distribution, we do not find this disparity to be clearly erroneous, and thus we affirm the distribution of the marital property.

## V.

### Alimony

¶9. The Mississippi Supreme Court, in its decision in *Johnson v. Johnson*, 650 So. 2d 1281 (Miss. 1994), concluded that one legitimate aim of an equitable division of the marital assets is to provide for the post-divorce financial security of both parties and that only if a "deficit" as to one spouse remains after the equitable division, should the chancellor proceed to consider some form of alimony to properly provide for the less financially secure party. *Johnson*, 650 So. 2d at 1287. In this case, the parties both received a fairly substantial amount of assets accumulated during the marriage. The evidence also showed that Mrs. Chesney was gainfully employed at an income level that met or exceeded that of Mr. Chesney. There was no evidence of any unusual aspect of Mrs. Chesney's financial position that would indicate any difficulty as to her ability to survive with assets and income substantially the same as Mr. Chesney. On those facts, we are of the view that the evidence does not establish the kind of "deficit" that must be established as a precursor to the award of periodic alimony. We, therefore, conclude that the chancellor abused her discretion in deciding to award periodic alimony to Mrs. Chesney in addition to the portion of marital assets set apart to her in the equitable division of property.

## VI.

### Attorney's Fees

¶10. In order to award attorney's fees in a divorce action, the chancellor must find as fact that Mrs. Chesney did not have adequate financial resources to pay the costs of her representation. *Creekmore v. Creekmore*, 651 So. 2d 513, 520 (Miss. 1995). There was no such showing in this case. In fact, the chancellor specifically found that both parties had funds to pay their attorneys. The decision to award attorney's fees to Mrs. Chesney on these facts was error and must be set aside.

¶11. **THE JUDGMENT OF THE CHANCERY COURT OF LAUDERDALE COUNTY IS**

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN REGARD TO ESTABLISHING A PROPER LEVEL OF CHILD SUPPORT, AFFIRMED AS TO THE EQUITABLE DIVISION OF MARITAL ASSETS, AND REVERSED AND RENDERED AS TO THE AWARD OF PERIODIC ALIMONY AND ATTORNEY'S FEES TO THE APPELLANT. THE COSTS OF THE APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.**

**SOUTHWICK, P.J., BRIDGES, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND THOMAS, J.**

BRANTLEY, J., CONCURRING IN PART AND DISSENTING IN PART:

¶12. I concur with the majority of this Court on all issues except for reversing the award of periodic alimony. In my view the periodic alimony award should be affirmed. Therefore, I respectfully dissent for the reasons set forth below.

¶13. Mrs. Chesney was awarded periodic alimony of $100 per month and an increase to $200 per month after Mr. Chesney pays off the Ford Expedition. In reversing the chancellor's award of alimony, the majority concluded that the chancellor abused her discretion because the evidence failed to establish that a deficit existed as a result of the division of assets. In relying on *Johnson v. Johnson*, 650 So. 2d 1281 (Miss. 1994), the majority determined that a deficit must exist before the chancellor can consider an award of alimony.

¶14. The majority's reliance on *Johnson* is misplaced. In determining post-divorce financial security for both parties, the Mississippi Supreme Court in *Johnson v. Johnson* stated in full:

> Division of marital assets is now governed under the law as stated in *Hemsley* and *Ferguson*. First, the character of the parties' assets, i.e., marital or nonmarital, must be determined pursuant to *Hemsley*. The marital property is then equitably divided, employing the *Ferguson* factors as guidelines, in light of each parties' nonmarital property. *Ferguson*, 639 So. 2d 921, 928 (Miss. 1994). *If there are sufficient marital assets* which, when equitably divided and considered with each spouse's non-marital assets, *will adequately provide for both parties*, *no more need be done*. If the situation is such that an equitable division of marital property, considered with each party's nonmarital assets, leaves a deficit for one party, then alimony based on the value of nonmarital assets should be considered.

*Johnson*, 650 So. 2d at 1287 (emphasis added).

¶15. The chancellor herein equitably divided the marital assets. *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994). This did not result in a deficit for Mrs. Chesney. However, the result was not sufficient to *adequately provide* for Mrs. Chesney in light of the nonmarital assets. *Johnson*, 650 So. 2d at 1287. Therefore, the chancellor awarded periodic alimony.

¶16. Our scope of review of an alimony award is well settled. The Mississippi Supreme Court stated that, "[w]e will not disturb the chancellor's decision on alimony on appeal unless it is found to be against the overwhelming weight of the evidence or manifestly in error." *Creekmore v. Creekmore*, 651 So. 2d 513, 517 (Miss. 1995). "To aid appellate review, findings of fact by the chancellor, together with the legal

conclusions from those findings are required." *Ferguson*, 639 So. 2d at 929.

¶17. In the present case, the chancellor determined whether to award Mrs. Chesney alimony by applying the factors set forth in *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993). She specifically found that Mrs. Chesney has been struggling to maintain a decent standard of living for herself and the parties' three children, while Mr. Chesney's standard of living has improved. In addition to the many other factors thoroughly analyzed and found in favor of Mrs. Chesney, the chancellor found that the evidence of Mr. Chesney's indiscretions with another woman negatively impacted on the marriage of over twenty-four years.

¶18. Mrs. Chesney is entitled to periodic alimony when her income is insufficient to maintain her standard of living, and Mr. Chesney is capable of paying. *Rainer v. Rainer*, 393 So. 2d 475, 478 (Miss. 1981). Furthermore, the award of periodic alimony was not against the overwhelming weight of the evidence nor manifestly in error. *Creekmore*, 651 So. 2d at 517. The chancellor made specific findings of fact along with the proper legal conclusions drawn from those findings. *Ferguson*, 639 So. 2d at 929. I would affirm the alimony award to Mrs. Chesney.

**KING, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTEN OPINION.**