CHANDLER, Justice,
for the Court:
¶ 1. This case involves a dispute over custody of B.S. Diana Crosby, B.S.’s maternal grandmother, claims that the Hinds County Youth Court erred in awarding custody of B.S. to B.S.’s father, Robert Sims Jr. Finding no error, we affirm the decision of the youth court.
FACTS
¶ 2. Sims and B.S.’s mother, Liza Nichols, divorced in 1998. Sims had physical custody of B.S. with reasonable visitation rights for Nichols. On December 1, 2008, the Department of Human Services (DHS) received a report that B.S. claimed she was being physically abused by Sims. After B.S. was interviewed, the Hinds County prosecuting attorney filed a petition alleging that Sims had abused B.S., and Youth Court Judge William Skinner entered an order appointing an investigative guardian ad litem and an order appointing a certified attorney guardian ad litem. After a shelter hearing, B.S. was placed in the custody of Nichols.
¶ 3. On December 10, 2008, Nichols died, and B.S. went to live with Crosby. On October 15, 2009, the youth court held an adjudicatory hearing. That same day, the court entered an order adjudicating B.S. to be an abused child and placing B.S. in the custody of Crosby. Sims was awarded visitation rights. The court stated that, if the visitation was successful, then Sims could petition for custody.
¶ 4. Sims filed a motion for review on April 1, 2010, seeking restoration of custody and stating that he had complied with the visitation requirements specified in the adjudication order. He stated that he had been exercising visitation rights with B.S. every other weekend without incident. The disposition hearing occurred on January 27, 2011, before the Honorable Houston J. Patton. The court heard the testimony of Sims, family friends Cindy and Chancee Davis, Robert Sims Sr., and Danny Sims. The court also heard from Sims’s expert witness, Baxter Hogue. Crosby testified, along with Bramlette, the appointed counselor, and a social worker. Judge Patton also interviewed B.S. in his chambers.
¶ 5. After hearing the testimony of the witnesses and considering the physical evidence, the court entered a final judgment awarding custody to Sims. The court stated that B.S. was to be returned to her father, effective June 1, 2011. Until that time, she was to remain with her grandmother. Crosby was awarded unsupervised visitation on alternating weekends. The court entered an amended final judgment on May 31, 2011. Crosby filed a notice of appeal the same day. Crosby also filed an emergency petition to expedite stay pending appeal, which we granted.
STANDARD OF REVIEW
¶6. “The appellate standard of review for youth court proceedings is the same as that which we apply to appeals *1122 from chancery court.” A.B. v. Lauderdale County Dep’t of Human Servs., 13 So.3d 1263, 1266-67 (Miss.2009). “The standard of review for the youth court is the same as that of a chancellor whether the ruling was manifestly wrong, clearly erroneous, or applied an erroneous legal standard.” S.C. v. State, 795 So.2d 526, 529 (Miss.2001).
DISCUSSION
I.WHETHER THE YOUTH COURT’S DECISION TO RETURN B.S. TO THE CUSTODY OF HER FATHER WAS MANIFESTLY WRONG, CLEARLY ERRONEOUS, OR APPLIED AN ERRONEOUS LEGAL STANDARD.
¶ 7. “The rule that the paramount concern in cases where custody of a child is involved is the child’s best interest has remained in full force and effect in this jurisdiction, and has continually been reaffirmed by this Court.” In re Beggiani, 519 So.2d 1208, 1212 (Miss.1988) (citation omitted); In re S.A.M., 826 So.2d 1266, 1274 (Miss.2002). The youth court considered the testimony concerning the relationship between B.S. and her father as well as B.S.’s medical records. Based upon that evidence, and applying the proper legal standard, the court determined that it was in the child’s best interest to be returned to her father. Crosby argues that the court’s grant of custody to Sims is against the overwhelming weight of the evidence, because Sims “presented not one scintilla of evidence” to support his position. We disagree and find that the record contains sufficient evidence to support the court’s decision to award custody to Sims. Based upon the evidence presented at the disposition hearing, the decision was not manifestly wrong or clearly erroneous. We affirm the youth court’s decision to award custody to Sims.
II. THE COURT’S INTERVIEW WITH B.S.
¶ 8. Crosby argues that the youth court erred when it allowed the guardian ad litem and attorney for Sims into chambers during B.S.’s interview. The interview was made part of the record, and the judge stated that he took the interview into consideration when making his decision. The authority Crosby cites does not support her argument. Therefore, we find the argument to be without merit.
III. THE YOUTH COURT’S FINDINGS REGARDING THE FEES AWARDED TO COURT-APPOINTED COUNSELOR, LIL BRAMLETTE
¶ 9. Crosby argues that the court erred by reducing the amount Sims had to pay to Bramlette, the court-appointed counselor. Crosby provides no legal authority for her argument. “This Court is not required to address any issue that is not supported by reasons and authority.” Zinn v. City of Ocean Springs, 928 So.2d 915, 920 (Miss.Ct.App.2006) (citations and quotations omitted). Therefore, this issue is procedurally barred.
CONCLUSION
¶ 10. For the aforementioned reasons, we affirm the grant of custody to Sims.
AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, PIERCE, KING AND COLEMAN, JJ., CONCUR. KITCHENS, J„ NOT PARTICIPATING.