IRVING, P.J.,
for the Court:
¶ 1. This case arises out of a custody dispute between Erica and David Smith,[1] S.L.B.’s foster parents, and Francis Jones, S.L.B.’s biological grandmother. On May 23, 2012, the Pike County Youth Court awarded Jones physical and legal custody of S.L.B., terminated the Smiths’ court-ordered visitation, and ordered the Smiths to pay $268.50 of the guardian ad litem’s[2] (GAL) fees. The Smiths appeal and argue that the youth court erred in terminating their court-ordered visitation without finding that a material change in circumstances had occurred. They also contend that the court erred in assessing them one-half [3] of the GAL’s fees.
¶ 2. Finding that the youth court judge did not err in terminating the Smiths’ visitation rights, but erred in assessing the Smiths a portion of the GAL’s fees, we affirm in part and reverse and render in part.
FACTS
¶ 3. On September 27, 2010, the Smiths executed a contract with the Mississippi Department of Human Services (DHS), acknowledging, among other things, that by placing a child in their home for foster care, DHS did not confer any right to the custody of that child to the Smiths. The contract further stated:
We agree to cooperate with [DHS] in carrying out [DHS’s] plans for any foster child placed in [our] home, including the plan to return a child to his/her parents, to transfer a child to another foster home or institution, or any other plan which [DHS] may have.
Soon after, S.L.B. was placed in the Smiths’ home. During the permanency hearing[4] on January 11, 2012, the youth court held that it was in S.L.B.’s best interest to be in Jones’s custody for the three months leading up to the review hearing, and not in the custody of DHS. The youth court also granted the Smiths visitation with S.L.B. every other weekend. After the review hearing, in its final order, the youth court gave Jones full custody of S.L.B., terminated the visitation previously granted to the Smiths, and ordered the Smiths to pay $268.50 to the GAL within sixty days.
*1241 ¶ 4. Additional facts, as necessary, will be related during our discussion and analysis of the issues.
DISCUSSION AND ANALYSIS OF THE ISSUES
¶ 5. A youth court judgment will not be reversed by an appellate court unless the judgment is manifestly wrong or clearly erroneous, or an erroneous legal standard was applied. In re B.S., 105 So.3d 1120, 1122 (¶ 6) (Miss.2013).

I. Termination of Visitation Rights

¶ 6. The Smiths argue that the substance of the permanency order is “in effect a custody order” and should be considered as such, but offer no authority to support their position. The Smiths further assert that because the permanency order is considered a custody order, any modification of the order must be based upon a material change in circumstances. However, the contract that the Smiths signed with DHS clearly states that the Smiths have no custodial rights regarding S.L.B. Therefore, the permanency order cannot be considered a custody order, and the youth court was not required to find that a material change in circumstances had occurred before terminating the Smiths’ visitation. This issue is without merit.

II. Guardian ad Litem Fee

¶ 7. The Smiths argue that the court erred in ordering them to pay a portion of the GAL’s fees. The court can order that the payment of a GAL’s-fees come from two sources: “financially able parents” under Rule 13(d) of the Uniform Rules of Youth Court Practice or “the county general fund” under Mississippi Code Annotated section 43-21-121(6) (Rev. 2009). Rule 13(d) states:
The [GAL] shall be paid a fee in the performance of duties pursuant to section 43-21-121(6).... The court may order financially able parents to pay for the reasonable fees of the [GAL], or a portion thereof, pursuant to [Mississippi Code Annotated section 43-21-619 (Rev. 2009) ].
And section 43-21-121(6) states:
Upon order of the youth court, the [GAL] shall be paid a reasonable fee as determined by the youth court judge or referee out of the county general fund as provided under [Mississippi Code Annotated] [s]eetion 43-21-123 [ (Rev.2009) ]. To be eligible for such fee, the [GAL] shall submit an accounting of the time spent in performance of his duties to the court.
Although the record does not indicate why the youth court did not assess the GAL’s fees to the county fund, the court nevertheless erred in ordering the Smiths to pay a portion of the GAL’s fees. The Smiths do not meet the definition of “parent” under Mississippi Code Annotated section 43-21-105(e) (Supp.2012),[5] and there is no authority that would allow the youth court to assess GAL’s fees to foster parents. Therefore, the youth court’s judgment assessing the Smiths $268.50 in GAL’s fees must be reversed and rendered.
¶ 8. THE JUDGMENT OF THE PIKE COUNTY YOUTH COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANTS AND ONE-HALF TO THE AP-PELLEE.
*1242 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Due to the confidential nature of this case, the parties have been given fictitious names.

. The record does not indicate when or why the youth court assigned a GAL to this case.

. The youth court, based on a statement of charges submitted by the GAL, ordered the Smiths and Jones to each pay $268.50 under the belief that the total amount of the services rendered by the GAL amounted to $537, and that both parties would be paying half of the total amount. However, the total charges on the GAL’s statement were $617. Consequently, $268.50 is less than half of the GAL’s fees.

.Rule 29(a)(3) of the Uniform Rules of Youth Court Practice requires a youth court to "conduct a permanency hearing for any child placed in foster care on or after July 1, 1998[.]”

. Section 43-21-105(e) defines "parent” as a "father or mother to whom the child has been born, or the father or mother by whom the child has been legally adopted.”