# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01024-COA

**RONALD WADE BETTS**                                                    **APPELLANT**

**v.**

**BELINDA MOUCHA BETTS**                                                 **APPELLEE**

DATE OF JUDGMENT:              04/03/2014
TRIAL JUDGE:                   HON. KENNETH M. BURNS
COURT FROM WHICH APPEALED:     OKTIBBEHA COUNTY CHANCERY
                               COURT
ATTORNEY FOR APPELLANT:        STEPHANIE L. MALLETTE
ATTORNEY FOR APPELLEE:         CAROLINE CRAWLEY MOORE
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:       DENIED COUNTER-PETITION TO SET
                               ASIDE DIVORCE DECREE
DISPOSITION:                   AFFIRMED: 09/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     This appeal arises from the denial of Ronald Betts's Mississippi Rule of Civil Procedure 60(b) motion, requesting that the court set aside a divorce decree based on fraud committed by his former wife, Belinda Betts. Ronald appeals and asks that this Court set aside the chancery court's ruling and remand for a new hearing.

¶2.     Ronald and Belinda divorced on November 17, 2011, ending their thirty-one-year marriage. The two entered into a property-settlement agreement, which was incorporated into the divorce decree. As part of the property-settlement agreement, Ronald agreed to pay Belinda $35,000 in $500 monthly payments.

¶3.    In February 2012, Belinda filed a complaint for citation of contempt of court asserting multiple instances of contempt, namely that Ronald failed to pay the balance on a camper that was eventually repossessed. Because Ronald did not pay the balance, Belinda had to pay part of the balance in order to avoid a lawsuit against her. According to Belinda, Ronald told her previously that he sold the camper and paid the remaining balance on the loan. Ronald did not list this debt in his Uniform Chancery Court Rule 8.05 financial statement, which the court noted in its order "can amount to a fraud perpetrated on the court and contempt." The court ordered Ronald to pay Belinda for the expense she incurred in paying on the balance.

¶4.    Belinda then filed a second complaint for citation of contempt of court in May 2012, and the court did not find Ronald in contempt. Finally, Belinda filed a third complaint for citation of contempt of court in May 2013, claiming that Ronald had stopped making his $500 monthly payments.

¶5.    Ronald filed an answer to the third complaint for contempt and a counter-petition to set aside the final decree of divorce. Ronald argued that under Rule 60(b), the divorce decree should be set aside because Belinda made a false representation to the court by intentionally filing a substantially false Rule 8.05 financial statement. On November 1, 2010, Belinda and her sister received an undivided interest in 74.6 acres of land that previously belonged to her father and mother. Ronald contended fraud occurred when Belinda failed to list this land on her Rule 8.05 financial statement.

¶6.    A hearing was held, and Belinda, Ronald, and Rodney Faver, Belinda's former

2

attorney, testified.[1] Belinda testified that she did not list the 74.6 acres of land on her Rule 8.05 financial statement because the land did not belong to her. She testified that the land belonged to her mother, that her mother paid for the land, and that her father left the land for her mother when he died.

¶7.    The court then issued an order, finding Ronald in contempt for his failure to pay $500 monthly to Belinda pursuant to the divorce decree. The court also found that though Ronald established that Belinda did not disclose the property on her original Rule 8.05 statement, he failed to prove that Belinda knew of her false representation because she did not consider the land her property. Furthermore, the court held that Ronald failed to establish a proximate injury resulting from the misrepresentation. The court then found that Ronald had not come to the court with clean hands. He failed to list the existence of certain mineral rights in his Rule 8.05 financial statement. The court held that Belinda's actions did "not constitute the intentional filing of a substantially false statement" and did not find her in contempt.

¶8.    Ronald now appeals, claiming that the court erred when it found that Belinda's failure to list the property on her Rule 8.05 financial statement did not constitute the intentional filing of a substantially false statement.

## STANDARD OF REVIEW

¶9.    "This Court will not disturb a chancellor's findings unless they are manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard." *Bell v.*

---

[1] Faver represented Belinda during the divorce and the first two complaints for contempt against Ronald. He testified that his law partner had drawn the deeds that transferred the property to Belinda and her sister. Faver stated that he was not aware of the transfer until after he filed the second petition for citation of contempt.

3

*Stevenson*, 158 So. 3d 1229, 1233 (¶6) (Miss. Ct. App. 2015). "It is well settled that chancellors are afforded wide latitude in fashioning equitable remedies in domestic relations matters." *Finch v. Finch*, 137 So. 3d 227, 232 (¶10) (Miss. 2014).

¶10. "[W]hen this Court reviews motions for relief pursuant to Rule 60(b), reversal is warranted only when an abuse of discretion is found, because these motions are to be addressed at the sound discretion of the trial court." *Id.* at (¶11).

ANALYSIS

¶11. Ronald argues that Belinda's failure to list the property on her Rule 8.05 financial statement constituted an intentional filing of a substantially false statement and fraud upon the court. Belinda contends that Ronald's unclean hands bar him from relief.

¶12. Rule 60 provides in part:

(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(6) any other reason justifying relief from the judgment.

"Rule 60(b)(6) provides a 'catch-all' provision under which relief may be granted in exceptional and compelling circumstances, such as for fraud upon the court." *Trim v. Trim*, 33 So. 3d 471, 475 (¶7) (Miss. 2010).

¶13. "Relief based on 'fraud upon the court' is reserved for only the most egregious misconduct, and requires a showing of 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Id.* at 477 (¶15). "[S]imply failing to

4

disclose essential facts to the proceedings to the adverse party or the court does not rise to the level of fraud. There must be a finding that the disclosure was intentional." *Finch*, 137 So. 3d at 235 (¶23).

¶14. "[A] party's intentional filing of a substantially false Rule 8.05 financial statement constitutes a fraud on the court." *Trim*, 33 So. 3d at 478 (¶17). And "no time limit constrain[s] the chancellor's ability to modify the divorce judgment to remedy the fraud on the court." *Id.*

¶15. The following elements constituting intentional or fraudulent representation must be proven by clear and convincing evidence:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Id.* at (¶19) (citing *McCord v. Healthcare Recoveries Inc.*, 960 So. 2d 399, 406 (¶17) (Miss. 2007)).

¶16. The chancellor declined to set aside or modify the divorce decree after finding that Belinda did not intentionally mislead the court and that Ronald came to court with unclean hands after failing to disclose certain property rights on his Rule 8.05 financial statement. "[T]he trial court is best able to determine whether a fraud has been perpetrated upon it. As a result, the chancellor's determination of the issue is entitled to great weight." *Tirouda v. State*, 919 So. 2d 211, 216 (¶12) (Miss. Ct. App. 2005). "The credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of

5

more than one reasonable interpretation, are primarily for the chancellor as the trier of fact." *Trim*, 33 So. 3d at 479 (¶20).

¶17. The testimony from Belinda supports the chancellor's conclusion that she did not know of her false representation to the court. She simply did not consider the property her own. She had not paid for the property, and she was not using the property for any purpose. The testimony showed that her mother currently or previously lived on the property, and Belinda considered it her parents' land. Intentional or fraudulent representation requires that a representation be made, which the speaker knows to be false, with the intent that it should be acted on by the hearer. *Fitch*, 137 So. 3d at 235 (¶23).

¶18. Belinda's conduct was not shown to be "the most egregious misconduct, . . . 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Trim*, 33 So. 3d at 477 (¶15). And even though she failed to list the property in her Rule 8.05 financial statement, "simply failing to disclose essential facts to the proceedings to the adverse party or to the court does not rise to the level of fraud." *Finch,* 137 So. 3d at 235 (¶23). "[A] party is not entitled to relief [under Rule 60(b)] simply because he is unhappy with a judgment." *McNeese v. McNeese*, 119 So. 3d 264, 272 (¶20) (Miss. 2013).

¶19. Furthermore, Ronald himself failed to list mineral rights in his possession on his Rule 8.05 financial statement, leading the chancellor to find that Ronald came to court with unclean hands. "Mississippi's chancery courts are courts of equity, and under the clean[-] hands doctrine, anyone that comes before 'a court of equity . . . must do equity as a condition

6

of recovery.'" *Dill v. Dill*, 908 So. 2d 198, 202 (¶11) (Miss. Ct. App. 2005). "This doctrine, in effect, prevents a complainant from petitioning the court to modify an original decree absent proof that said complainant has fully performed under the terms of the original decree or, in the alternative, that full performance thereunder has been wholly impossible." *Id.* The chancellor noted: "Just as Belinda failed to disclose an asset at the time of their divorce, so did Ronald."

¶20. This Court finds that the chancellor did not abuse his discretion in denying Ronald relief under Rule 60(b). As such, the substantial evidence supports the chancellor's discretionary ruling as the fact-finder.

¶21. **THE JUDGMENT OF THE CHANCERY COURT OF OKTIBBEHA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**